D. H. HICKS v. STATE.

173 So. 815.

Division A.

Opinions Filed April 12, 1937.

*Parks M. Carmichael* and *Zach H. Douglas,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

TERRELL, J.—Plaintiff in error was indicted, tried, and convicted for grand larceny and sentenced to serve two years in the state penitentiary at hard labor. He seeks to be relieved of that judgment on the basis of newly discovered evidence.

The newly discovered evidence was an affidavit made in a Justice of the Peace Court as a predicate for a search warrant to search the premises of the plaintiff in error for the alleged stolen property. It was not discovered until after the trial and judgment of guilty was rendered. It alleged the true value of the stolen property to be $25.00, while at the trial of defendant the affiant who was the prosecuting witness testified that it was of a value of more than fifty dollars.

This and other courts have approved the rule granting a new trial on newly discovered evidence when circumstances warrant and the ends of justice require. Tyson v. State, 87 Fla. 392, 100 So. 254; Adams v. State, 55 Fla. 1, 46 So. 152; Barker v. French, 18 Vt. 460.

The property alleged to have been stolen was a brood sow. The evidence as to her value was unsatisfactory. It should have been confined to her value at the time she was alleged to have been stolen and should have been based on market value unless shown to have had an intrinsic or peculiar value for stock purposes. It was permissible to prove her value for stock purposes but the statement of the prosecuting witness that he would not take fifty or seventy-five dollars for her does not prove such value. We think the defendant was entitled to have the affidavit in evidence.

The evidence on which the verdict was rendered being unsatisfactory as to these points, we think the ends of justice require a new trial.

Reversed for a new trial.

ELLIS, C. J., and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.