KANNER, Chief Judge.
An information containing two counts charged appellant with the offense of grand larceny. He was convicted as charged and sentenced to serve a term of five years on each count, the sentences to operate concurrently.
Count one charged that appellant on May 23, 1956, committed larceny of certain unset polished diamonds of the value of $90,000. These were the property of Baumgold Brothers, Inc., a New York corporation, but were in the custody of Herman Berg. The second count charged that, at the same time, appellant committed larceny of diamond mounted gold and platinum rings of the value of $60,000, property of Herman Berg.
The evidence amply establishes the commission of the crime of grand larceny as charged under the two counts, the articles at the time having been taken from the possession of Herman Berg in the lobby of the Fort Harrison Hotel in Clear-water, Florida. It establishes that the articles described in the two counts belonged to Baumgold Brothers, Inc., but that at the time of the larceny they were in the custody of its salesman, Herman Berg. The testimony clearly shows that the theft of the articles was from the same person, at the same time, from the same place, and under the same circumstances, with the same intent.
Appellant challenges the propriety of charging this larceny as two separate offenses, alleging that it merely constituted one offense. He relies upon the principle announced in the case of Hearn v. State, Fla.1951, 55 So.2d 559, 28 A.L.R.2d 1179. In that case the Supreme Court of Florida determined that where defendants committed larceny of nine cows and two calves belonging to different owners at the same time, from the same place, and under the same circumstances with the same intent, the offense was a single larceny.
The state concedes the applicability of the Hearn case but insists that the remedy is that the case should be remanded as a single offense for adjudication and sentencing. Although appellant seeks reversal and new trial, on page 28 of his brief he states that, in the event the verdicts are not set aside and the case remanded, the judgments and sentences should be vacated and judgment and sentence entered for a single offense.
The factual situation forming the basis of the verdicts is the same as to both counts, the only distinction being that the stolen articles described in one count were in one brief case while those described in the other count were in a separate brief case. There was just the single trial. The case was fairly tried by an able and experienced judge. The sentences imposed, although for two offenses, are for the same term and are to run concurrently.
The other points raised by appellant are without merit. The cause is affirmed and remanded to the trial court with directions to impose and enter a judgment and sentence for the single offense of grand larceny in accordance with this opinion.
ALLEN and SHANNON, JJ., concur.