111 So.2d 68 (1959)
Wayne Henry LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. A-27.
District Court of Appeal of Florida. First District.
April 21, 1959.
*69 William H. Anderson, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
Appellant seeks reversal of a conviction of grand larceny on the ground, inter alia, that the State failed to establish that the stolen property had a value of $50 or more, which was the criterion then governing grand larceny. Sec. 811.01, Florida Statutes 1955, F.S.A.[1]
The only testimony as to value of the stolen property, a safe, was given by the owner, J.W. Frye, Jr., viz.:
"Q. The piece of equipment, what would be the value of it? What did you pay for it? A. Well, I paid about three hundred dollars for it but we charge off so much a year.
"Q. How long have you had it? A. I have had the safe about, let's see, at that time I would say eight years.
"Q. And you paid three hundred dollars for it eight years ago? A. And we charge it off in ten years or twenty, I forget now which it is. The safe itself wasn't too valuable.
"Q. But you had about thirty-three hundred dollars cash in it? A. That is right."
For reasons that are obvious, testimony as to the cost of stolen property is insufficient in itself to establish the value at the time of theft. The method employed by the owner in charging "off so much a year" against whatever the cost of the property was to him, which was evidently for income tax or bookkkeeping purposes, is immaterial and irrelevant. The *70 criterion in prosecutions for larceny is the market value of the property at the time of the theft. Johnson v. State, Fla.App., 102 So.2d 412; Hicks v. State, 127 Fla. 669, 173 So. 815. It was the burden of the State to establish such value to be $50 or more, and that burden was not met.
In order to permit correction of the information by adding the suffix "Jr." after the name J.W. Frye (owner of the property) the court in effect declared two mistrials. While such correction might have been accomplished at any time during the trial under the authority of Section 906.08(5), Florida Statutes, F.S.A., without necessity for declaring a mistrial, defendant suffered no deprivation of his rights by the procedure followed.
Section 906.08(5), Florida Statutes, F.S.A., provides:
"If in the course of the trial the true name of any person, group or association of persons, or corporation, described otherwise than by the true name, is disclosed by the evidence, the court shall cause the true name to be inserted in the indictment, information, bill of particulars and record wherever the name appears otherwise."
The test for determining its availability is found in Alvarez v. State, 157 Fla. 254, 25 So.2d 661. If in the course of trial the name as alleged is found not to be the true name, in the sense that some other was intended, then the defect is substantial and the pleading must be amended, and as amended must be signed and sworn to by the authorized prosecuting official and then refiled, whereupon the defendant must again be arraigned, a jury selected, and the trial proceed anew. See also: Sipos v. State, Fla., 90 So.2d 113; Fekany v. State, 111 Fla. 598, 149 So. 590. If, however, the true name of the alleged owner simply has not been accurately stated, the error is curable by amendment under the statute. Alvarez v. State, supra.
The suffix "Jr." or "Sr." is ordinarily considered descriptio personae and not part of a person's legal name. Omission thereof in civil or criminal proceedings is usually considered harmless error. Dunaway v. Lindsley-Feiber Motor Co., La. App., 73 So.2d 505; Teague v. State, 144 Ala. 42, 40 So. 312; 65 C.J.S. Names § 5 (b).
Because of the failure of proof in respect to establishing a value necessary to constitute grand larceny, the conviction for that offense is erroneous. The proofs, however, do establish the guilt of the defendant of petty larceny, which is a lesser degree or offense necessarily included in the information. Pursuant, therefore, to Section 924.34, Florida Statutes, F.S.A., the judgment of the trial court is reversed with directions to enter judgment of conviction for petty larceny and to pass sentence accordingly.
WIGGINTON, J., and THORNAL, Associate Judge, concur.
NOTES
[1] To constitute grand larceny under the present law, the value of the property stolen must be "one hundred dollars or more." § 811.021 F.S. 1958, F.S.A.