136 So.2d 367 (1962)
Oscar SUAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2216.
District Court of Appeal of Florida. Second District.
January 17, 1962.
Paul Antinori, Jr., of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*368 WHITE, Judge.
Appellant Oscar Suarez was convicted in the Criminal Court of Record of Hillsborough County on an information charging breaking and entering an automobile and grand larceny of articles of personalty. Assigned as error are the actions of the trial court in (1) denying defendant's motion for mistrial after statements by the prosecutor were objected to as commenting upon the defendant's failure to take the stand in his own behalf, and (2) receiving in evidence, on the issue of value, certain statements by the complaining witness concerning the cost of articles allegedly taken by the defendant.
Oscar Suarez, after leaving work in the late afternoon of May 6, 1960, indulged in a drinking spree during which he visited several bars and imbibed three or four beers and consumed eight to ten drinks of Scotch whiskey. He was discovered near midnight between two automobiles parked outside the Pelican Bar in Hillsborough County. His head was inside one of the automobiles which contained some photographic equipment and various articles of feminine clothing which had been removed from the adjacent automobile. He was apprehended by occupants of the bar, one of whom owned the automobile from which the articles had been removed. He was charged with breaking and entering the automobile of the complaining witness, Charlaine Libby, and grand larceny of articles of a value in excess of $100.00. Consequent upon jury trial he was found and adjudged guilty as charged in both counts.
During the trial there was admitted in evidence a transcript of pre-trial questions by an assistant prosecutor and answers by the defendant. This transcript was read to the jury at the trial and, in the answers contained therein, the defendant recalled opening the door of an automobile from which some items of personalty apparently were taken by him; but he maintained that his recollection was vague and that he was drunk. The defendant did not testify at the trial.
In making his argument to the jury the prosecuting attorney made the following statement:
"* * * it's sort of like the other witness says, that Oscar come up with this excuse of excusing his crime. He hasn't got the guts to face up to the honest-to-God truth that he is breaking and entering and stealing." (Emphasis ours.)
and further:
"* * * Oscar first said, and I'm talking about whether he has got the intestinal fortitude to admit what all these people say is the truth * * *." (Emphasis ours.)
The foregoing comments are susceptible of several different connotations, one of which is that the prosecutor was referring to the pre-trial statements of the accused. Another connotation, which seems to us inescapable, is that if the appellant had dared take the stand at the trial in progress he would have been impelled under the sanctity of his oath to admit the elements of the crimes which the prosecutor was attempting to prove.
To argue the obvious might seem an innocuous gesture; but Florida Statutes, § 918.09, F.S.A. provides that the prosecuting attorney shall not be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf. This statutory injunction is not a superficial rule which the prosecution can safely disregard under cover of harmless error or a possible alternative construction of the objectionable comment. In discussing the prohibition Judge Kanner, in McLendon v. State, Fla.App. 1958, 105 So.2d 513, 514, said:
"A long line of decisions by the Supreme Court of Florida culminating in the very thorough exposition by *369 Mr. Justice Thornal in the case of Gordon v. State, Fla. 1958, 104 So.2d 524, dealing with the subject matter of comment by a prosecuting attorney for failure of a defendant to testify, has adhered rigidly to the construction that a comment made by a prosecuting attorney directly or indirectly which is subject to interpretation by a jury as a comment upon failure to testify is an encroachment on this substantial right of a defendant, regardless of the character of the comment or the motive or intent, notwithstanding such comment is susceptible to a different construction. The harmless error statute has no application to a situation of this kind and, therefore, cannot be invoked. * * *"
The judgment in this case must be reversed for a new trial for the reason above set forth. We deem it proper, however, to comment upon the testimony pertaining to the value of the property allegedly taken by the defendant with larcenous intent. The value of the subject property in a larceny case is, of course, determinative of whether the alleged crime is grand larceny or petit larceny. In either case the proof of value is indispensable to proof of the crime.
In order to establish the value of the articles taken by the defendant, the prosecution examined the complaining witness as follows:
"Q. What did you find when you got out to your car?
"A. All but just a very few things from my car were taken and were in this Buick which was parked next to my car and my back door was open * * *."
further:
Q. How much, as well as you can remember, did you pay for the clothes that you had?

"A. Well, I'd say, roughly, that just the clothes alone would be worth no less than $200 and that's not what I paid for them. I had suits in there and very expensive heavy sweaters. I had all my dressy dresses, cotton dresses * * *" (Emphasis ours.)
The witness here was referring to the clothes she originally had in her car for, on later examination, she stated that the expensive sweaters she apparently used in computing the $200.00 figure were not among the articles taken. The prosecution did not introduce any of the clothing in evidence.
With reference to the photographic equipment the complaining witness testified, over objection, that she had been given the equipment by a friend who had paid for it and that one camera "would cost about $140.00 with both attachments; and the other one, I'd say, was worth maybe $25, $30."
Such sketchy and equivocal testimony appears insufficient under the charge of grand larceny to establish the requisite value of the property taken, which according to the general criterion should be shown to have had a market value of $100.00 or more at the time of the taking. Lambert v. State, Fla.App. 1959, 111 So.2d 68; Williams v. State, Fla.App. 1958, 101 So.2d 877; Bornstein v. State, Fla. 1951, 54 So.2d 519.
In view of the objectionable argument of the prosecution, we are unable to note a lesser degree of offense and direct the trial court to adjudge the defendant guilty of petit larceny under the second count of the information as otherwise we might do under authority of Florida Statutes, Sec. 924.34, F.S.A.
Reversed and remanded for a new trial.
KANNER, Acting C.J., and SMITH, J., concur.