138 So.2d 101 (1962)
Durrell HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2401.
District Court of Appeal of Florida. Second District.
February 23, 1962.
*102 John R. Parrish, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., for appellee.
SHANNON, Chief Judge.
The defendant-appellant, Hicks, was informed against, tried by a jury, and convicted of the offense of aggravated assault, for which he was sentenced to a two year term in the Florida State Prison, hence this appeal.
The surrounding circumstances, out of which grew the incident here under consideration, concerned an alleged assault in connection with a labor union strike against a Tampa corporation. The complaining witness, Riley F. Bryan, claimed to have been beaten by the appellant, Hicks, with a lead pipe at the scene of the union's picket line, of which the appellant was a member.
Jury trial resulted in the taking of considerable testimony, most of which is conflicting in material respects. The appellant, Hicks, has assigned as error the insufficiency of the evidence to support the conviction of aggravated assault herein under consideration. It is within the province of the jury in a criminal case to resolve conflicting evidence. Di Bona v. State, Fla.App. 1960, 121 So.2d 192. We have carefully considered all the testimony adduced in the trial of this case and conclude that the jury was justified in arriving at the verdict returned. Since the evidence adduced by the State was sufficient, if believed by the jury, to support the conviction, this court is not authorized to substitute its conclusions in this respect for those of the jury. Harvey v. State, Fla. 1956, 87 So.2d 582.
In addition to his attack on the sufficiency of the evidence, the appellant challenges the latitude allowed him in the voir dire examination of jurors to determine their prejudice vel non against labor union activities and questions relating thereto. It is to be remembered that the assault charged against the appellant transpired during labor union picket line activities at the site of the concern against which this particular strike was called. More importantly, it is likewise to be remembered that the issue to be tried in this case was whether or not the appellant was guilty of the crime of aggravated assault.
*103 Upon the commencement of the voir dire examination of jurors, the attorney for the appellant sought to elicit from the veniremen whether any of them were connected with the company against which the strike was called as well as their predilections concerning labor unions and the connected economic questions.
At one point in the voir dire examination, the appellant's attorney challenged a juror for cause. The court then questioned this juror as follows:
"Now, whatever your predilections may be would they yield to the evidence if you were satisfied after the evidence was in that they didn't do it, would you find them not guilty?
"MR. METZLER: I would.
"THE COURT: If you were satisfied beyond a reasonable doubt that they did do it, would you find them guilty?
"MR. METZLER: I would.
"THE COURT: That's the only issue that we are here to try and that is the basis of it. If you have any reasonable doubt of their guilt after the evidence was all in, would you find them not guilty?
"MR. METZLER: I would."
The challenge for cause was overruled by the trial judge. Subsequently, the defense exercised two peremptory challenges, one of them against the juror previously challenged unsuccessfully for cause. It is obvious, therefore, that the juror challenged for cause by the defendant did not serve. It is equally clear that the defendant did not exhaust his full quota of peremptory challenges. In the case of Peaden v. State, 1903, 46 Fla. 124, 35 So. 204, the rule controlling this question was stated by the Supreme Court as follows:
"* * * Even if the overruling of this challenge for cause was erroneous, which we do not decide, it cannot avail the defendants here, for the reason that it appears that they rid themselves of the obnoxious talesman by a peremptory challenge, and it is not made to appear whether or not their quota of peremptory challenges was exhausted before the filling of the jury panel. If such challenges were not so exhausted, they were not harmed by the disallowance of such challenge for cause. Green v. State, 40 Fla. 191, text 194, 23 South. 851, and authorities there cited."
See also 20 Fla.Jur., Jury, Secs. 97 and 98. Aside from this fact, however, a careful study of the transcript of the voir dire examination in the instant case clearly reveals that the defense was permitted great latitude therein to determine the qualifications of the jurors. For example, the following questions were propounded to the entire panel:
"MR. PARRISH: Do you believe that the working man has the right to organize themselves into a union and become members of that union?
"Is there any bias or prejudice in the mind of any of you, either for or against people who are members of a labor union?"
Reversible error not appearing from a review of the entire record in this appeal, the judgment appealed from is affirmed.
SMITH and KANNER, JJ., concur.