181 So.2d 193 (1965)
Rene Diaz ESCOBAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-337.
District Court of Appeal of Florida. Third District.
December 7, 1965.
Rehearing Denied January 10, 1966.
*194 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant was charged with two informations in the Criminal Court of Record in and for Dade County, Florida. In Case No. 63-1751 he was informed against on an information charging him with grand larceny of certain personal property and, in Case No. 63-2609, he was informed against in an information which charged him with grand larceny of certain funds contained in a joint bank account. The cases were consolidated for trial and proceeded for final determination non-jury, at the conclusion of which hearing the trial judge found him guilty as charged in both informations and entered sentence thereon.
This appeal ensued contending, first, that the evidence was insufficient to prove the charge of grand larceny of the personal property and, second, even if he was guilty of the felonious taking the State failed to prove the market value of the property and, therefore, the most he could have been convicted of was petty larceny. See: Carnley v. State, 82 Fla. 282, 89 So. 808; Hicks v. State, 127 Fla. 669, 173 So. 815; Bornstein v. State, Fla. 1951, 54 So.2d 519; Suarez v. State, Fla.App. 1962, 136 So.2d 367.
We find ample sufficient evidence in the record to support the taking of the chattels and, therefore, this finding of guilty should be affirmed. See: DiBona v. State, Fla.App. 1960, 121 So.2d 192; Hicks v. State, Fla.App. 1962, 138 So.2d 101; Crum v. State, Fla.App. 1965, 172 So.2d 24. However, we fail to find evidence as to the market value of the chattels as of the taking and, therefore, the record will only support a conviction of petty larceny.
As to the information charging the grand larceny of the joint bank account, the evidence is clear that either party to the account had a right to remove the funds therefrom; that the appellant conceded that others were entitled to certain funds in the account, but a dispute arose as to the amount. The other parties having the beneficial interest refused the amount tendered, *195 and the parties became engaged in civil litigation to settle this dispute. The law is quite clear that a co-owner of property cannot be held guilty of larceny of said property. The only exception to this rule is when a second co-owner has a special property interest therein superior to that of the first co-owner. The Florida Supreme Court has so stated the law in Addison v. State, 1928, 95 Fla. 737, 116 So. 629, as follows:
* * * * * *
"* * * It is only under very exceptional circumstances that a person could be guilty of larceny for taking his own property  such as where the owner takes his own goods from one who has a special property right in them and a legal right to withhold them from him. * * * But as a general rule, one could hardly steal his own goods, though he might be guilty of trespass in taking them under certain circumstances. Ordinarily, if he steals at all, it must be the goods of another. * * *"
* * * * * *
This is in accordance with the general authorities. See: 2 Wharton's Criminal Law and Procedure, § 499, p. 173 (Anderson 1957); 2 Burdick Law of Crime, § 517, p. 283; Perkins on Criminal Law 201; Inbau and Soule, Criminal Justice, Cases and Comments (2d ed. 1964).
In the instant case, the defendant was a co-owner of a joint bank account. One of the most common types of joint tenancies in personal property is a joint bank account. See: 2 American Law of Property, § 6.4, p. 16 (1952). No one had a special property interest in this account sufficient to defeat the defendant's possessory interest therein. Consequently, the defendant cannot be held guilty of larceny of said property.
Therefore, for the reasons above stated, the adjudication of guilty in Case No. 63-2609 be and the same is hereby reversed, and the adjudication of guilty in Case No. 63-1751 is affirmed insofar as it found the appellant guilty of larceny, but so much of it as found him guilty of grand larceny is reversed and the sentence is set aside and the cause remanded for a sentence in accordance with the statutes of this State as made and provided in petty larceny matters.
Affirmed in part; reversed in part with directions.