KANNER, A. O. (Ret.), Associate Judge.
Defendant-appellant, Rufus Earl Moore, Jr., appeals from judgment of conviction and sentence below under a charge of grand larceny by theft of copper wire. We find that the evidence was deficient to establish an essential ingredient for proof of the offense of grand larceny in that there was a failure to prove that the stolen property was of the value required to sustain the charge in that degree. As to other points, suffice it is to say we find no reversible error.
Appellant, in his brief, merely stated that there was no evidence as to the value of the stolen property. The state likewise in its brief made the bare statement that it conceded the value of the wire was not established by the evidence. The state did not elaborate, and appellant gave nothing as foundation for his assertion. The question of the value necessary to be shown was raised during the trial; and the prosecutor took the position that the evidence was sufficient to present a jury question •of grand larceny. The court so determined .and, in his jury instructions, defined the value required to be established for grand larceny as being $100 or more and for petit larceny less than $100 as prescribed by section 811.021, Florida Statutes, F.S.A.
Reviewing the testimony, one finds that .all the evidence relating to value was contained within the testimony of two witnesses. The first, a working foreman upon whose truck the subject wire was located, testified that on the day in question, all his copper wire sizes 6, 4, and 2 were missing; he would say it was close to a couple hundred pounds of wire. On cross-examination, he stated that the wire was on hand •coils that they made up themselves on a hand, each coil about 60 to 80 pounds. He could not say when he made the hand coil, could not give a definite amount of footage or definite amount of pounds but said he estimated it. He could say three coils of wire were missing and the sizes; the only time he could have correctly stated the poundage or footage was when he received a full coil of wire out of storage; it had been many months since the last time he got a full coil of copper wire.
The senior storekeeper in charge of issuing materials testified that he inventoried the particular wire upon a complaint made by the foreman. He stated that the complaint of the foreman involved about a ton of copper wire. The amount of copper wire that he replaced as a result of the involvement was, he said, approximately $300. On cross-examination, the witness admitted he had no idea what amount of wire was on the truck at any time after they signed for it; nor could he say that the wire which he replaced was not used in legitimate work of the company; he had no check or inventory made daily.
 The testimony is of such a nature as to be insufficient to establish the requisite value to bring it within the grand larceny category, the general criterion in this regard being proof that the property stolen had a market value of $100 or more at the time of the commission of the theft. When the storekeeper approximated $300 for replacement, this approximation was not directed solely to the wire which was missing. The evidence does show that the missing copper wire had some value. The proof was adequate to sustain the guilt of defendant of petit larceny, an offense of a lesser degree included within the charge. Bornstein v. State, Florida 1951, 54 So.2d 519; Lambert v. State, Fla.App.1959, 111 So.2d 68; Suarez v. State, Fla.App.1962, 136 So.2d 367.
In conformity to section 924.34, Florida Statutes, F.S.A., we hereby reverse the judgment and sentence of the trial court with direction to enter judgment of conviction for petit larceny and to impose sen *565 tence accordingly, taking into account the incarceration to which the defendant has keen subjected under the improper judgment and sentence.
SMITH, C. J., and WALDEN, J., concur.