187 So.2d 908 (1966)
Richard Russell TODD, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-960.
District Court of Appeal of Florida. Third District.
June 21, 1966.
*909 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
The appellant was charged in a two count information with breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny, and with grand larceny. He pleaded not guilty, was tried by the court without a jury and found guilty as charged. He was sentenced to ten years in the state penitentiary on both offenses.
On this appeal it is contended on behalf of the defendant below that the evidence was insufficient to support the judgment. A necessary element of proof to establish guilt of the charge of grand larceny was the taking of property of a value of $100 or more at the time of the theft. Lambert v. State, Fla.App. 1959, 111 So.2d 68, 69. We agree with the contention of the appellant that the state did not fulfill that requirement of proof. The property taken was a radio and a television set. As to the latter, the state presented evidence that it had cost $135 when acquired two years earlier. No evidence was submitted as to the value of the radio. Evidence as to cost of the alleged stolen property did not establish its market value at the time of the theft. Lambert v. State, supra; Escobar v. State, Fla.App. 1965, 181 So.2d 193.
The appellant's contention that the evidence was insufficient to sustain his conviction on the other charge also has merit. The defendant was not apprehended while in the dwelling, and the fact that he left the premises after having taken property which was not shown to have a value of $100 or more, is reason to infer that the breaking and entering was with intent to take that which was taken, rather than that the entry was with intent to take property of the value of $100 or more. Moreover, the latter assumption would be out of place here because the evidence did not show the personal property on the premises, or its value.
For the reasons stated the judgment is reversed and the cause is remanded with *910 directions to the trial court to enter judgment holding the defendant guilty of the lesser included offenses (breaking and entering a dwelling with intent to commit a misdemeanor, to-wit: petty larceny, and petty larceny), and to impose sentences therefor as provided by law.
Reversed and remanded with directions.