217 So.2d 331 (1968)
Verdalen C. SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 1286.
District Court of Appeal of Florida. Fourth District.
November 26, 1968.
Rehearing Denied January 29, 1969.
Robert J. Randolph, Stuart, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The appellant, Verdalen C. Spencer, the defendant in the trial court, was charged by information under F.S. 1965, Section 811.021, F.S.A., with having stolen electrical wire belonging to the Glades Electric Co-operative, Inc., worth $100.00 or more. He was tried in the Circuit Court in Okeechobee County, Florida. The jury found him guilty of grand larceny, and he appeals from the judgment and sentence.
The issue here is the sufficiency of the evidence to support the verdict.
The evidence indicates that before the theft the wire was strung on power poles. An employee of Glades Electric Cooperative, Inc. testified that the wire, including *332 transportation and installation, cost $.90 per pound. There is evidence that approximately 185 pounds were stolen. The state, therefore, argues that this evidence shows the property stolen had a value of $100.00 or more and is, thus, sufficient to support the verdict of grand larceny.
Under F.S. 1965, Section 811.021, F.S.A., an essential element of grand larceny is the value of the thing stolen. The thing stolen was not the installed wire, but was the wire after it had been severed and dropped to the ground. The wire after severance is what must be shown to have had a value of $100.00 or more, if its taking is to constitute grand larceny. It is our conclusion that the cost of the wire in place is not the criterion of value authorized by the statute. Stephens v. Commonwealth, 1947, 304 Ky. 38, 199 S.W.2d 719 and 2 Wharton's Criminal Law and Procedure, § 449.
For the purpose of classifying the larceny as grand or petty, the value to be used is normally market value at the time of the theft. Hicks v. State, 1937, 127 Fla. 669, 173 So. 815; Lambert v. State, Fla. App. 1959, 111 So.2d 68; Suarez v. State, Fla.App. 1962, 136 So.2d 367, 369; Escobar v. State, Fla.App. 1965, 181 So.2d 193, 17 A.L.R.3d 1390; Moore v. State, Fla.App. 1966, 183 So.2d 563; and Todd v. State, Fla.App. 1966, 187 So.2d 908. The new cost of the stolen chattel is not sufficient proof of its market value at the time of the theft where as here the chattel was in used condition. Todd v. State, supra; Gamble v. State, Fla.App. 1968, 210 So.2d 238. There are other factors present in this case in addition to the used condition of the wire which indicate that its new cost is not sufficient to show its market value at the time of taking. For example, the evidence indicates that new wire comes in coils of 250 pounds each and is easy to use. By contrast, the stolen wire was substantially smaller in quantity, not rolled, and thus presumably not easy to use. It is our conclusion that the state has failed to carry its burden of proving the market value of the wire at the time of taking.
There is, however, ample evidence that the wire stolen had some value at the time of the theft. In conformity to F.S. 1967, Section 924.34, F.S.A., we hereby reverse the judgment and vacate the sentence of the trial court with directions to enter judgment of conviction for petty larceny and to impose sentence accordingly, taking into account the incarceration, to which the defendant has been subjected under the improper judgment and sentence.
CROSS, J., and BOOHER, STEPHEN R., Associate Judge, concur.