PER CURIAM.
Appellant appeals a judgment and sentence entered upon a jury verdict finding him guilty of murder in the first degree with a recommendation of mercy.
*285 Appellant contends that the admission into evidence of his statement was reversible error because he had requested an attorney. The record discloses that at the time of his arrest he told the arresting officer that he wanted to talk to an attorney and that this was related to the detectives when the arresting officer turned him over to them. The detectives denied that this information was given them. Subsequently and prior to the statement being taken the record conclusively establishes that appellant knowingly and intelligently, after being informed of all his constitutional rights, waived them and freely and voluntarily gave his statement which was used in evidence.
In short, appellant contends that once he has advised the police authorities that he desires in attorney any statement thereafter made without the attendance of an attorney is not admissible.
This question was resolved in Rhome v. State, 222 So.2d 431 (Fla.App.1969) wherein it was held:
“The first of these points arose on the following facts: (a) the police detective who first investigated the rape, stated to the defendant that if the defendant were to cooperate with him and try to help him to find certain equipment or property that was purportedly taken from the victim, it would probably help the defendant; (b) later, at the police station, the defendant was interrogated by another police officer, who proceeded with the interrogation in an entirely proper manner, relying on the constitutional warnings contained in his ‘Miranda card’; (c) at trial, the court excluded all statements given to the first police officer which were made in response to the promise; (d) however, the court did admit into evidence all statements and confessions given to the second interrogating police officer after the Miranda warnings had been given. It is the appellant’s contention that the initial promise made by the first investigating officer served to taint all subsequent statements and confessions made by the appellant. We cannot agree with this argument because the record shows that the second confession was freely and voluntarily given. Moreover, the second interrogating police officer never learned of the promises made by the first interrogating officer until the trial itself. The principle announced in the case of State v. Outten, Fla.1968, 206 So.2d 392, controls our decision in this area. There, the Supreme Court, in quashing a decision of one of the district courts of appeal, held:
“ ‘In striking down the second confession, the District Court relied on cases holding that if a first confession is the product of physical or mental coercion, then a subsequent confession will also be inadmissible unless it is shown that the coercive influences have been removed. [Citing cases.]
“ ‘The common thread running through these decisions, cited by the District Court, is the all pervading effect of coercion, either physical or psychological. The basic rationale of each case simply is that the effect of coercive influences, present at an initial confession, will presumptively continue unless clearly shown to have been removed prior to a subsequent confession. To have this contaminating effect, the first confession must be the product of an overbearing physical or mental pressure. Even then, a second confession will be admissible if it can be clearly demonstrated that the coercive pressures have terminated and freedom of will has been restored.’ ”
Although in Rhome the first interrogating officer made promises to the defendant, we can draw no distinction between that and the request for an attorney as long as prior to giving the second statement the defendant was given all of the Miranda warnings and knowingly and intelligently, as was done in this case, waives all of his constitutional rights.
*286 Appellant next contends that he was a minor and his parents were not notified as required by Florida Statute § 932.38, F.S.A. The record conclusively shows that said statute was complied with by the State.
Finally, appellant contends that the prosecuting attorney violated the “Golden Rule” in his closing argument to the jury. After examining the closing argument in its total context, we find that it was not so prejudicial as to require a reversal.[1]
After a careful examination of the entire record on appeal we find that there is no reversible error and the judgment and sentence are affirmed.
Affirmed.
LILES, Acting C. J., and HOBSON and McNULTY, JJ., concur.

. Wingate v. State, 232 So.2d 44 (Fla.App.1970).