274 So.2d 577 (1973)
Kenneth Leonard SMART, Appellant,
v.
STATE of Florida, Appellee.
No. 72-509.
District Court of Appeal of Florida, Second District.
March 7, 1973.
Rehearing Denied April 2, 1973.
*578 W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant was charged in separate informations with breaking and entering three different automobiles with intent to commit larceny therein and, in additional counts of each information, with grand larceny in the theft of property actually taken in each of such break-ins. For expediency, we will hereinafter refer to each offense by the name of the automobile involved therein, to-wit: A Cadillac (owned by one Calhoun), a Cutlass (owned by a Mr. Nagode) and a Camaro (allegedly owned by one Kirby).
A jury found appellant guilty of breaking and entering under all three burglary counts and of grand larceny from the Cadillac and Cutlass; but he was found guilty only of petit larceny from the Camaro. We reverse in part and affirm in part, as will hereinafter appear, and remand with directions.
As to the Cadillac matter first, we conclude after a careful reading of the record that there is sufficient evidence of the essential elements of each offense to sustain the verdicts of guilt thereof. The judgments and consecutive sentences on each of these charges must, therefore, be affirmed.
Similarly, as to the Cutlass matter, there is sufficient evidence to support all the elements of the breaking and entering as charged and of larceny generally; but there is no competent evidence of the value of the property taken in the larceny. Apparently, the trial judge permitted the jury to consider only the nature of the articles stolen (i.e., a mini-bike, and some luggage containing personal effects) and to judge by their own devices whether the property was worth $100.00 or more. This is impermissible. Competent evidence as to value is essential.[1] A directed verdict as to grand larceny was in order, therefore, and the Cutlass larceny should have been submitted to the jury only on petit larceny. In any case, entry of a judgment of guilty of grand larceny was error. Accordingly, the judgment and sentence for breaking and entering the Cutlass is affirmed; but *579 the judgment and sentence on the grand larceny count in this matter are reversed and set aside, and the cause must be remanded with directions to enter a judgment of guilty of petit larceny and to impose an appropriate sentence therefor.
Coming now to the Camaro matter, the only evidence presented to establish a prima facie corpus delicti of each charge was the testimony of a police officer who, over strenuous and timely objection, testified as to what the alleged owner (Kirby) had told him during his investigation. Mr. Kirby himself did not testify. Such hearsay testimony, timely objected to, was incompetent and thus inadmissible to establish a prima facie corpus delicti. In its absence there is nothing to support a verdict or judgment of guilt on either of the charges.
We must note here, however, that appellant confessed to all charges, and his confession was introduced at trial.[2] But even so, as it relates to the Camaro matter, such confession is inadmissible in the absence of a prima facie showing of a corpus delicti,[3] which as noted, was not established by competent evidence. The confession, therefore, exists in a legal void as to this matter and, of itself, it too cannot support a finding of guilt.[4] Accordingly, the judgments and sentences on these charges must be reversed and set aside, and upon remand, the trial court is directed to enter judgments of not guilty and discharge appellant therefrom.
Reversed in part, affirmed in part and remanded for further proceedings in accordance herewith.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Cf., Miller v. State (Fla.App. 1968), 212 So.2d 388; Suarez v. State (Fla.App. 1962), 136 So.2d 367; and Johnson v. State (Fla.App. 1958), 102 So.2d 412.
[2] His contention here that the confessions were obtained in violation of the Miranda rule is without merit. See, James v. State (Fla.App. 1972), 263 So.2d 284.
[3] See, Williams v. State (Fla.App. 1960). 117 So.2d 548.
[4] Id.