PER CURIAM.
Defendant-appellant was tried before the court without a jury and convicted of grand larceny.
In his second point on appeal, defendant-appellant argues and the prosecution concedes that the trial court erred in adjudicating the defendant guilty of grand larceny in the absence of any evidence as to the market value of the stolen object at the time of the theft. We agree.
Competent evidence as to the value of the property taken at the time of the larceny is essential. Smart v. State, Fla.App.1973, 274 So.2d 577. A search of the record on appeal reveals there is no competent evidence of the value of the property taken in the larceny.
*560 Accordingly, the judgment and sen tence in this matter are reversed and set aside and the cause is remanded with directions to enter a judgment holding the defendant guilty of petit larceny. See Todd v. State, Fla.App. 1966, 187 So.2d 908. The record reflects that the appellant has served in excess of sixty days, the maximum sentence imposed by F.S. §§ 811.021 (3) and 775.082(3) (b) F.S.A., therefore upon remand we order further that the defendant be discharged and the mandate of this court is directed to be transmitted forthwith to the trial court.
We have considered appellant’s first poirit on appeal and find that to be without merit.
Affirmed in part, reversed in part and remanded with directions.