284 So.2d 450 (1973)
Warren D. SAMET, Appellant,
v.
STATE of Florida, Appellee.
No. 73-201.
District Court of Appeal of Florida, Third District.
October 16, 1973.
*451 Martin S. Saxon and Max B. Kogen, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was informed against, charged with unlawful possession of marijuana in a quantity exceeding five grams in weight.
The offense charged was a felony under §§ 404.02 and 404.15(1), Fla. Stat., F.S.A. Under said statutes the offense was a misdemeanor, if a first conviction was involved and the quantity possessed was less than five grams in weight.
The cause was tried before the court without a jury. The state failed to present any evidence as to the quantity or weight. The finding of guilt and adjudication by the court did not define or refer to the crime of which the defendant was found guilty as being either a felony or a misdemeanor. The sentence imposed was confinement for one year in the county jail, which would have been a permissible sentence in either event. See penalty statute referred to in subparagraph (1) of § 404.15 Fla. Stat., F.S.A.
In this non-jury trial, when the attorney for the defendant moved the court to treat the matter as a misdemeanor because of absence of evidence as to the weight, the court appears to have proceeded on the basis of a felony, without proof of the weight, stating: "Well, I think I can. It's in evidence. I can look at it and I can know it's more than five grams." We have been shown no authority by the state to support the proposition that where proof of an offense is dependent upon a showing by the state that the weight of drugs or value of property taken (as upon a charge of grand larceny) that necessary element of the offense may be considered established beyond a reasonable doubt (with no evidence presented thereon) solely by observation of the item or property by the trier of facts.
Concededly, there could be instances where the trier of fact could readily conclude that certain property met a weight or value requirement. However, in a case such as this where the matter was questionable, it is essential that the evidence be submitted. It has been so held in cases relating to larceny. See Escobar v. State, Fla.App. 1965, 181 So.2d 193; Suarez v. State, Fla.App. 1962, 136 So.2d 367; and Lambert v. State, Fla.App. 1959, 111 So.2d 68.
Accordingly, as contended for by the appellant, the sentence imposed by the court is set aside. The cause is remanded to the trial court with direction to amend the judgment to designate the offense of which the defendant was found guilty as being a misdemeanor, and for reimposition of sentence thereon as provided for under the appropriate statute.
It is so ordered.