DOWNEY, Judge.
Appellant was convicted of conspiracy to commit a felony, to-wit, breaking and entering with intent to commit grand larceny, breaking and entering a building with intent to commit grand larceny, and petit larceny and sentenced to five years, seven and one-half years, and six months, respectively.
With reference to the two felony convictions, we find the evidence adduced by the state was insufficient as a basis for finding the value of the property in question exceeded one hundred dollars. The proof of value was based upon cost several years prior to the theft or upon depreciated value according to a depreciation schedule which the owner used. These two methods have been held insufficient as a basis to determine the value of property in a case of this nature. Lambert v. State, Fla.App.1959, 111 So.2d 68. The proper proof of value in larceny cases is generally market value at the time of the theft, unless the property has some intrinsic or peculiar value. Hicks v. State, 127 Fla. 669, 173 So. 815 (1937); Lambert v. State, supra.
Accordingly, the judgment and sentence is affirmed as to Count III of the information and reversed as to Counts I and II of the information with directions that, upon the state’s election, the appellant be adjudged guilty of the following two felonies : (a) conspiracy to commit a felony, to-wit, breaking and entering a building with intent to commit a misdemeanor (F.S. § 833.04, F.S.A.), and (b) breaking and entering a building with intent to commit petit larceny (F.S. § 810.05, F.S.Á.), and sentenced accordingly, or in the alternative that he be granted a new trial on Counts I and II.
Affirmed in part and reversed in part and remanded.
WALDEN and CROSS, JJ., concur.