ANSTEAD, Judge,
dissenting:
In my opinion, there is no way that this case can be distinguished from the case of Gilford v. State, 313 So.2d 729 (Fla.1975) wherein the Florida Supreme Court held at page 732:
The particular holding in Brown was that the proof of the lessor offense “necessarily” was shown by proof of the greater, e. g., armed robbery which is also obviously proof of an assault which becomes a classic “necessarily included offense” on which a charge (instruction) must be given. There the proof inheres in the evidence of the armed robbery. Such greater proof is not always proof of the lesser offense, however, and herein may lie the confusion. The present case is illustrative.
Sub judice the only proof is of $600.00 worth of liquor, nondepreciable and based on “wholesale value” and not just wholesale “cost”; there is no way to reduce this to the less than $100 market value necessary to include the lesser offense of petty larceny. “Market value” is of course the standard. Spencer v. State, 217 So.2d 331 (Fla.App. 4th 1968). But wholesale “value”, as the record here sets forth, absent contrary proof, sufficiently satisfies the recognized test.
Had the evidence admitted of any finding on which the jury might have based a breaking and entering with intent to commit a misdemeanor, to-wit: petty larceny, a proper lesser charge sub judice, then a jury instruction thereon should have been given. The wise trial judge correctly perceived, however, that such an instruction found no support in the evidence and was therefore inappropriate and would have been error.
No evidence; no jury charge.
In this case the only allegation and the only proof is that $142 of United States currency was involved. There is no evidence that less than $142 was taken or that the appellant was guilty of taking less than $142. And $142 is worth $142, no more or less.
In Brown v. State, 206 So.2d 377 (Fla. 1968) it was held that larceny is a necessarily included lesser offense of robbery. That is true because robbery by definition is a forcible larceny from the person. Montsdoca v. State, 84 Fla. 82, 93 So. 157, 27 A.L.R. 1291 (Fla.1922). In short, it is true that you have to commit a larceny in order to commit a robbery, but you do not have to commit a petit larceny in order to commit a grand larceny. I think the trial judge was correct in declining to instruct the jury on petit larceny.