KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment of conviction and a sentence of three years probation entered pursuant to a jury verdict finding *890 him guilty of two counts of grand larceny. Our review of the record reveals that appel-lee, the prosecution below, did not show, as set forth in the information, that the property at the time it was stolen had a fair market value of $100 or more. Accordingly, the judgment and sentence entered below are reversed and the cause is remanded with directions to the trial court to enter judgment and sentence on the lesser included offense of petit larceny.
Appellant was charged, by information, with three counts of grand larceny. The trial court granted a directed verdict of acquittal as to one of these counts. The remaining counts charged appellant with unlawfully and feloniously stealing hubcaps, valued at $100 or more, from the lawful custody of Malcolm Harris and Julia Rice. Pursuant to a three day trial, the jury returned a verdict of guilty on these two counts. Thereafter, the trial court entered a final judgment of conviction and a sentence of three years probation from which appellant brings this appeal.
Appellant contends that appellee failed to prove by competent substantial evidence, as to one of the counts, the ownership of the stolen property and, as to both of the counts, that the fair market value of the property was $100 or more at the time it was stolen.
Our review of the record reveals that, contrary to appellant’s contention, ap-pellee did show by competent substantial evidence the ownership of the property stolen. See Spinkellink v. State, 313 So.2d 666 (Fla.1975), and D.S.H. v. State, 323 So.2d 292 (Fla. 3d DCA 1975). However, we agree with appellant’s contention in regard to the proof of the value of the property stolen.
An essential element of the crime of grand larceny is the value of the property stolen, i. e., it must have had a fair market value of $100 or more at the time it was stolen, and the burden is on the state, here the appellee, to show the value. See, e. g., Smart v. State, 274 So.2d 577 (Fla. 2d DCA 1973); Spencer v. State, 217 So.2d 331 (Fla. 4th DCA 1969); Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1965); Lambert v. State, 111 So.2d 68 (Fla. 1st DCA 1959); and Section 812.021, Florida Statutes (1975). The record reflects that, during the trial of the instant case, appellee questioned victim Harris about the fair market value of his hubcaps which were stolen. Harris responded that he had inquired of a “hubcap dealer” about the value of the hubcaps and was informed that he could replace them with new ones for $130.00 including tax. Appellee then questioned victim Rice and asked if she had made any inquiry in regard to replacing her hubcaps which were stolen. Rice responded that she had called the “Cadillac place” and had ascertained their replacement cost to be from $47.50 to $65.00 per hubcap. In our opinion, the record reflects that appellee failed to prove, as to each of the counts of grand larceny against appellant, the fair market value of the hubcaps at the time they were stolen as required by law; instead, appellee attempted to prove their replacement value.
Where, as in the instant case, the proof fails to show the value necessary to constitute grand larceny, i. e., the fair market value at the time of theft, the defendant may not be convicted of the offense of grand larceny. However, here the proof was sufficient to establish the defendant’s guilt for two counts of petit larceny which is a necessarily included lesser offense of grand larceny. See, e. g., Smart v. State, 274 So.2d 577 (Fla. 2d DCA 1973); Spencer v. State, 217 So.2d 331 (Fla. 4th DCA 1969); Escobar v. State, 181 So.2d 193 (Fla. 3d DCA 1965); Lambert v. State, 111 So.2d 68 (Fla. 1st DCA 1959); Section 812.021, Florida Statutes (1975). Accordingly, the judgment and sentence entered below are reversed and the cause is remanded with directions to the trial court to enter judgment and sentence on the lesser offenses of petit larceny. Section 924.34, Florida Statutes (1975).
Reversed and remanded with instructions.