400 So.2d 487 (1981)
Frankie Lee DRAKES, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1705/T4-697.
District Court of Appeal of Florida, Fifth District.
May 20, 1981.
Rehearing Denied July 6, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, App. Division, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Gregory C. Smith and Barbara Ann Butler, Asst. Attys. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant burglarized both the Haynes house and the Turner house, in each case stealing property which included a gun or guns. As to each of the two burglaries, appellant was charged with two grand thefts under section 812.014(2)(b), Florida Statutes (1979): one theft under section 812.014(2)(b)1 (in which count the property stolen was alleged to be valued at $100 or more), and the second theft under section 812.014(2)(b)3 (in which count the property stolen was alleged to be a firearm). We agree that the theft of a firearm and other property at the same time and place as one continuous act or transaction is a single theft offense. Hearn v. State, 55 So.2d 559, 28 A.L.R.2d 1179 (Fla. 1951); Hill v. State, 293 So.2d 79 (Fla.3d DCA 1974); Avilia v. State, 278 So.2d 298 (Fla.4th DCA 1973); Russell v. State, 107 So.2d 801 (Fla.2d DCA 1958). However, appellant failed to timely present his double jeopardy defense by motion to dismiss the information, as required by Florida Rule of Criminal Procedure 3.190(b), and it was waived. Chapman v. State, 389 So.2d 1065 (Fla.5th DCA 1980).
The value of the property taken must be established as an essential element of the crime of grand larceny. Negron v. State, 306 So.2d 104 (Fla. 1974); Tribble v. State, 277 So.2d 559 (Fla.3d DCA 1973); Smart v. State, 274 So.2d 577 (Fla.2d DCA 1973). The state attorney, attempting to prove value, elicited only testimony that all of the property stolen from the Turner house, including the gun, was worth between $1,500 and $1,700 and did not establish the value of the property separate from *488 the gun. Neither did the state establish the value of the gun, which would have permitted its value to have been subtracted from the total value to establish the value of the property taken excluding the gun. Since the state chose to prosecute the appellant under a separate count for theft of the firearm, the value of the firearm must be excluded from the value of the remaining property. Therefore, the evidence of the value of the property stolen from the Turner house is insufficient to support the conviction of grand larceny. Suarez v. State, 136 So.2d 367 (Fla.2d DCA 1962). Accordingly, appellant's conviction of grand larceny under count III of amended information 78-198, being count VIII of the original information is hereby reduced to petit theft, a misdemeanor of the second degree (§ 812.014(2)(c), Fla. Stat. (1979)) and the sentence on that count is vacated and the cause remanded for resentencing.
We find the evidence sufficient to support the jury's finding that appellant participated in the armed robbery of Mrs. Campbell.
REVERSED in part; AFFIRMED in part.
DAUKSCH, C.J., and ORFINGER, J., concur.