PER CURIAM.
We reverse the trial court’s adjudication of delinquency and remand with directions to discharge G.S. The trial court’s determination that G.S. committed grand theft was erroneous because the only evidence introduced at trial to support the charge was based on hearsay. See Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981); Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981); see also Smart v. State, 274 So.2d 577 (Fla. 2d DCA 1973).
We also agree that G.S. could not have been convicted of possession of a motor vehicle with a missing VIN number in violation of section 320.33, Florida Statutes (1981), because the state totally failed to demonstrate that G.S. had actual or constructive possession of the truck in question. See Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984).
Finally, we conclude that there is utterly no evidence to support a charge of criminal mischief.
We accordingly reverse and remand with directions to discharge G.S.
Reversed and remanded with directions.