CARROLL, DONALD K., Acting Chief Judge.
The appellants, who were jointly tried for robbery in the Circuit Court for Volusia County, have appealed from their judgments of conviction and sentence, based upon a jury verdict.
The two principal questions presented by the appellants for our determination in this appeal are, first, whether a police officer has the right to search a defendant’s unoccupied automobile which is parked outside of a police station after the defendant has been arrested and booked within such police station; and, second, whether evidence that a defendant and two others had possession of certain property taken in a robbery perpetrated by two persons sufficient to establish the guilt of such defendant.
The evidence at the trial showed the following to be the facts pertinent to the above first question:
On May 9, 1966, the manager of a market was robbed at gun point of $700 and a block of 20 bank money orders. One of these men was the defendant Johnny Van Sessions but the other man could not be identified because he was wearing a wig that hid his face. Four days later the two defendants and one Fred Gordon rode in an automobile to a bank in Ormond Beach, Volusia County, and one of them, purporting to be Frank Haines, presented to a bank teller for payment a bank money order for $100. The teller asked for identification and the person presenting the money order produced an armed forces identification card for one Frank Haines. The teller, noting that the endorser gave an address which was different from that given two days before when the same person cashed a similar money order, became suspicious and called it to the attention of a bank official, who called the police. A patrolman soon arrived and re *615 quested the three men to follow him to police headquarters, which was 200 yards from the bank. One of the men drove their car. On the way the car was stopped for a few moments and the patrolman noticed a commotion going on inside the vehicle.
The defendants and Gordon were taken inside the police station where an investigation was made by the sergeant on duty, who learned that the bank money orders were some of those taken from the above-mentioned market during an armed robbery four days before. The sergeant then placed the defendants and Gordon under arrest; and searched their automobile within five or ten minutes after their arrest.
The sergeant admitted during his testimony that nothing prevented him from obtaining a search warrant, testifying that he “just considered the search as incidental to the arrest under the circumstances that were present.”
As a result of this search, six bank money orders, an armed forces identification card in the name of Frank Haines, Jr., and a fully-loaded revolver were found in the car.
At the trial the court, over the defendants’ objections, permitted the introduction into evidence of the above articles so found in the car, and allowed the sergeant to' testify about finding those articles in the car.
In support of their contention that the police had no right to search their vehicle as above, the appellants cite and rely heavily upon the decision of the United States Supreme Court in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). In that case certain defendants were arrested for vagrancy while occupying an automobile and, together with such automobile, they were taken to the police headquarters and booked for vagrancy. The automobile was taken to the police garage and searched, and certain items of evidence were seized. The U. S. Supreme Court ruled that such search and seizure violated the said defendants’ right under the Fourth Amendment to the U. S. Constitution, and that the admission of such evidence required the reversal of their convictions on a charge of conspiracy to commit robbery.
In its brief in the present appeal the State distinguishes the Preston case from the case at bar in that in Preston the search was made for evidence of a crime which the police did not yet know the defendants had committed, and so the search was purely exploratory in nature while in the instant case the sergeant had reasonable grounds to believe that a serious felony — robbery—had been committed by the defendants, and searched the automobile as an incident to the arrest.
The State further points out in its brief that the U. S. Supreme Court in the later case of Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), thus clarified its holding in the Preston case, supra:
“We made it clear in Preston that whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case and pointed out, in particular, that searches of cars that are constantly movable may make the search of a car without a warrant a reasonable one although the result might be the opposite in a search of a home, a store, or other fixed piece of property.”
Applying the rule, as just clarified in the Cooper case, to the facts and circumstances of the case at bar, we think that the search was a reasonable one and not in violation of constitutional safeguards, and we hold that the trial court properly admitted into evidence, and permitted testimony concerning, the items found by the police in the defendants’ automobile.
The second major question presented in this appeal, as mentioned early in this opinion, is whether evidence that a defendant and two others had possession of certain property taken in a robbery perpetrated by two persons sufficient to establish the guilt of such defendant.
*616 This question is raised, however, only on behalf of the defendant Ernest Lee Sessions, not the defendant Johnny Van Sessions, who was positively identified by the victim of the robbery.
First, the said question, as so phrased, does not quite accurately reflect the evidence at the trial. While the victim saw only two men, there could easily have been one or more other persons near-by or in a get-away car. Besides, the evidence shows clearly that the defendant Ernest Lee Sessions engaged in several illegal acts in connection with the stolen property (the money orders). A drive-in teller of a second bank testified that he presented two of the stolen money orders for payment. He took the stand in his own behalf and testified that around the time of the robbery he found the money orders lying on a sidewalk near the scene of the crime. Evidently the jury did not believe his explanation.
In addition to the said evidence, the finding of guilt is aided by the presumption arising from the possession of recently-stolen property. In Cone v. State, Fla., 69 So.2d 175 (1954), the Supreme Court of Florida held that “ * * * when the possession is fairly recent, exclusive and unexplained or unsatisfactorily explained, such circumstances raise the presumption that the one charged was the thief.” In Romanello v. State, 160 So.2d 529 (1964), we recognized this rule, saying:
“Unexplained possession of the fruits of the crime, shortly after its commission, justifies the inference that possession is guilty possession. Such evidence is no more than prima facie evidence of guilt, but it may control if it is not seasonably explained by circumstances consistent with innocence.”
In the case at bar the court charged the jury concerning the said presumption.
While this question of identification may be close and gives us some concern, we have reached the conclusion that, considering all of the evidence adduced at the trial, there was sufficient evidence from which the jury could have reasonably found that the defendant Ernest Lee Sessions participated in the crime charged against him and the other defendant.
We have considered other contentions made by the defendants in this appeal and find that those contentions lack substantial merit.
For the foregoing reasons the judgment appealed from must be and it is
Affirmed.
JOHNSON and SPECTOR, JJ., concur.