217 So.2d 124 (1968)
James Henry KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 67-463.
District Court of Appeal of Florida. Second District.
November 13, 1968.
As Revised December 31, 1968.
*125 Howard P. Rives, of Cooper, Rives & Baskin, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
MANN, Judge.
I was * * * in prison, and ye visited me not.
Matthew 25:43
If James Henry Knight is an asset to society it does not appear of record in this proceeding. A multiple loser in the game of life, he appeals from the denial of an application for writ of error coram nobis. Although we dispense with oral argument pursuant to F.A.R. 3.10, subd. e, 32 F.S.A., we have reviewed the entire record in this case because we believe Knight's rights are the same as any other American's and because of an allegation by petitioner that he was denied an appeal through the negligence of his appointed trial counsel. The court below held, on adequate evidence, presumably because Knight was said to have told his trial counsel that a lawyer in Perry had been consulted about an appeal, that the trial attorney had not undertaken to prosecute an appeal. However, the attorney stopped short of an ideal procedure for informing Knight, then in county jail, that no appeal was being handled by him.
Knight's trial counsel did not pursue every suggestion of the accused, but all in all conducted the defense competently. He did not pursue information that witnesses had discussed the case among themselves, but no prejudicial error resulted and the defendant seems not to have pressed the point until now. Knight says that after the trial he asked his appointed counsel to file an appeal and claims to have thought that an appeal was in progress. The attorney told the Circuit Court that he didn't take an appeal because there was no ground for one. This turns out to be the case but there should have been clear communication. If the attorney had related to his client the well-settled law these proceedings might have been unnecessary.
Knight and Louis Parker were accused of rolling a drunk who had cashed a $200.00 check and was drinking at a Tarpon Springs bar. Petitioner argues for reduction of the offense to petit larceny. The information charged that Knight and Parker stole "approximately one hundred and ninety dollars, lawful money of the United States of America, and one wrist watch * * * of the total approximate value of $192.00". Petitioner, when apprehended, lost his shoe, in which was $95.00 in folded bills. No evidence was adduced as to the value of a Timex watch in his possession, identified as the victim's. To the petitioner, this adds up to less than $100.00. It may well be one of the unadvertised virtues of the Timex that larceny of a second-hand one and $95.00 will make a minor miscreant of a man who otherwise might be a felon, but the petitioner forgets that he and Parker were informed against for taking jointly well over $100.00. In cases of theft, the value of the loot is not divided by the number of thieves in determining whether the larceny is grand, 2 Wharton Criminal Law and Procedure 75, note 4, citing State v. Donaldson, 35 Utah 96, 99 P. 447 (1909), 20 L.R.A.,N.S., 1164, 136 Am.St.Rep. 1041.
*126 Knight alleges that there was no proof of value, Farrior v. State, 76 So.2d 148 (Fla. 1954); Hicks v. State. 127 Fla. 669, 173 So. 815 (1937); and Bornstein v. State, 54 So.2d 519 (Fla. 1951). Those cases involved chattels, this one currency. The difference is obvious. While it would have been proper to introduce the money found on the defendants, evidence of its existence and amount is otherwise present in the record.
Appellant quotes the following headnote from Wethington v. State, 159 Fla. 670, 32 So.2d 458 (1947):
"Where one accused of grand larceny is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession or such an account as will raise a reasonable doubt in minds of jury, state must prove that such account is false, or otherwise there should be an acquittal. F.S.A. §§ 810.02, 811.01."
Knight argues that because his brother testified that he had paid him $55.00 on Friday and his sister testified that she had loaned him $35.00 on Monday, the day of the crime, that the state had a duty to introduce rebuttal evidence. This plainly is not so, and reading beyond headnotes will disclose why.
Many a headnote is cut off from the heart of the law. We might clarify the law of larceny by rewriting it as follows: Where a party is found in the possession of goods recently stolen and gives such a reasonable and credible account of how he came into such possession as to raise a reasonable doubt in the minds of the jury he should be acquitted because of that reasonable doubt, but the jury determines the credibility of the explanation and may convict him despite his explanation if the evidence of guilt meets the standards of the law.
We are actually dealing with two simple and incontrovertible principles, which the accretion of case law has not altered, but which the opinions have confused by purporting to say something specific about larceny which in reality is nothing more than specific application of sound criminal law doctrine. First of all, the jury determines the facts. In McDonald v. State, 56 Fla. 74, 47 So. 485 (1908), the defendant explained the possession of a twenty-dollar gold piece with a story about selling a horse and receiving the coin in payment. The jury didn't believe him. Enough said. Compare Garner v. State, 134 Fla. 252, 183 So. 739 (1938), which illustrates the principle that the verdict must be supported by sufficient competent evidence or the appellate court will not let it stand. There the defendant, charged with larceny of seven hogs, immediately explained that he had bought them from one Thornton. Six witnesses corroborated his story. The record disclosed no satisfactory evidence of guilt, so the Supreme Court reversed and remanded for a new trial. Justice required it.
This is a far cry from building a body of shoddy doctrine requiring the state to present additional evidence  or to repeat its case in chief  merely because the defendant brings witnesses to explain his possession of money. Knight's brother and sister might well have been believed by the jury anyhow. Knight had demonstrated some capacity for spending money, and the jury was justified in believing that the $95.00 in Knight's shoe  five dollars more than his brother and sister had given him  had come from the victim.
There was ample testimony about the events of the evening. An eye-witness saw Knight and Parker get into a car with a third person. Parker, the accomplice, testified. There is ample evidence in this record to sustain a conviction.
A free society depends more on respect for law than on enforcement of it. There are not enough enforcers to do the job if disrespect for law is widespread and every person convicted appeals. Society has now provided two days in court for this appellant, *127 with appointed trial counsel and counsel on appeal requested by Knight, both of whom served competently and without fee. It is now Knight's move. We hope he returns to society as a useful citizen.
Affirmed.
PIERCE, A.C.J., concurs in conclusion.
HOBSON, J., concurs.