McNULTY, Judge.
This is an interlocutory appeal from an order entered by the trial judge suppressing the fruits of a warrantless search of an automobile driven by appellee. The undisputed statement of the facts is that Officers Howell and Barrington, while on patrol in the early morning hours, observed a male and female in a telephone booth and another male sitting in a 1960 *867 Oldsmobile parked by the telephone booth. As the officers passed the booth they noted that the money box was intact, and upon returning shortly thereafter they noticed that the same automobile was in front of the telephone booth and that the same female and male were inside of the booth and the same person was in the automobile. The officers again passed the booth and then returned immediately. The Oldsmobile pulled away from the telephone booth, with all three of the foregoing persons, and drove off. The officers drove directly to the telephone booth and saw that the money box was missing. They then followed the Oldsmobile a short distance, stopped it and arrested all three occupants for breaking and entering.
After the three had been placed in custody, the officers called for a wrecker to tow the Oldsmobile to the police station; and keeping the vehicle in sight at all times they followed it in tow until arrival. Thereafter,' upon transferring custody of the three to other officers at the station, the arresting officers proceeded to search the Oldsmobile and found the suppressed evidence, which included the telephone coin box and burglarious tools, on the “front floorboard” of the car. All told, from a time standpoint, some “IS or 20 minutes” elapsed between the first arrest and the beginning of the search, and a total of 40 minutes to an hour was consumed from the beginning of the entire episode until the end.
Appellee contends, and the lower court so found, that once the arrest was effected, and the question of the mobility of the Oldsmobile was no longer a problem, the officers had ample time to get a search warrant; and having failed to do so, the search was unreasonable, citing Carter v. State.[1] Appellant, on the other hand, contends that the reasonableness of the search herein is not necessarily dependent solely on whether there was time to get a warrant, but that if the search is otherwise permissible under the facts of the case it is reasonable notwithstanding that there was time to get a warrant, citing Sessions v. State,[2] which in turn relies essentially on Cooper v. Calif.[3] We agree with appellant.
It is rudimentary that a warrant-less search may be made incidental to a lawful arrest. Here there is no question but that the arrest was lawful, and indeed the trial judge correctly so ruled. Thus, upon the arrest, a search could have been made incidental thereto within the area limits proscribed in Chimel v. California.[4] These limits would clearly circumscribe the “front floorboard” of the car involved herein in view of the fact that two of the three persons arrested were in the front seat at the time of arrest and such area was within their “immediate control.”
The precise question devolving, then, is whether the waiting for 15-20 minutes on the part of the officers to do that which they could have done immediately, under the circumstances of this case, renders the search unreasonable. We think not; and we preface our discussion by repeating the observations of the United States Supreme Court in Cooper, supra,
“It is no answer to say that the police could have obtained a search warrant, for ‘[t]he relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.’ ”
Clearly, then, the time factor alone is not controlling, and the test otherwise is reasonableness. Here, two officers were in the process of arresting and securing the custody of 3 persons strongly suspected, of having committed a felony, *868 and this occurred at 3:00 A.M. obviously only a short distance from the police station. Furthermore, the search was made not by others but by the arresting officers themselves who had extreme probable cause to believe that the fruits of the crime for which the arrests were made were then in the immediate possession and control of the persons arrested. In this regard, it is the rule that a search incidental to an arrest may be made, among other reasons therefor, to effect the seizure and securing of the fruits and other evidence of the crime as well as to prevent their destruction.[5] In addition, the search complained of was limited, as far as the incriminating fruits thereof are concerned, to the area of the car in which two of the arrested persons had been sitting; it was related to the offense for which the arrest was made, as noted; and the car had been kept under constant surveillance from the time it was stopped on the highway until it was searched some 15 to 20 minutes later. The area of search was thus permissible, the reasons therefor were soundly based and we will not hold the officers to split second timing. The search was therefore a reasonable one.
We don’t say that a totally unconnected, exploratory or unexplained search, or an unreasonably long delayed search, would not be invalid; nor do we have to decide whether the circumstances herein satisfy the criteria for the authorization of an “inventory search”, which we discussed in Godbee v. State.[6] We simply hold that the search of the immediate area of the arrest herein was valid as incidental to a lawful arrest, and that the delaying of such search for a period something less than half an hour, in the light of all the circumstances of this case, did not of itself make such search unreasonable. As a necessary corollary, of course, a search beyond the immediate area of control of the persons arrested, or one so unreasonably remote in time, place and circumstances that the search can no longer be said to have been incidental to the arrest,[7] would require the procurement of a search warrant, if there’s time, as we noted in Carter, supra. But Carter is not applicable here since that case involved a search which was not incidental to a lawful arrest in the first instance.
Accordingly, the order suppressing the evidence herein was error; and it should be, and hereby is,
Reversed.
HOBSON, C. J., and LILES, J., concur.

. (Fla.App.2d 1967), 199 So.2d 324.

. (Fla.App.1st 1968), 213 So.2d 614.

. (1967), 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730.

. (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

. 79 C.J.S. Searches and Seizures § 67a, p. 840. Cf., Chimel v. California, id.

. (Fla.App.2d 1969), 224 So.2d 441.

. See, e. g., Preston v. U. S. (1964), 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, in which, significantly, and in addition to an unreasonable delay, the search far exceeded the proscribed area permissible under Chimel. Preston antedated Chimel, so the court did not take into account this factor since it felt bound by the limits approved in U. S. v. Rabinowitz (1950), 339 U.S. 56, 61, 62, 70 S.Ct. 430, 94 L.Ed. 653, which Chimel expressly overruled. See, also, Cooper v. Calif., n. 3, supra.