LILES, Acting Chief Judge.
This is an appeal from an order of the trial judge suppressing certain evidence which was obtained by a warrantless search of appellee’s automobile.
On October 12, 1969, Fred Peer filed a complaint with the Police Department of St. Petersburg. Peer claimed that appellee Robert Sanders had threatened to kill him and burn down his tavern. Acting on this information, the police officers staked out the tavern. Later the officers observed three men in an alley near the tavern. One of the men was carrying a bottle. The men subsequently got into an automobile which matched the description that the officers had of appellee’s car. Within a few blocks, *121 Lieutenant Coleman assisted by other policemen stopped appellee’s car and began a search of the occupants as well as of the automobile. The officers found and retrieved two guns from the automobile and when they searched the trunk they found a bottle similar to the one which had been seen in the possession of one of the men in the alley adjacent to the tavern. The bottle contained a brownish liquid substance with a strip of cloth shoved into the bottle. This evidence was suppressed by the trial judge and this appeal ensued.
Appellant contends that the trial court erred in granting appellee’s motion to suppress and we agree.
A warrantless search may be conducted incidental to a lawful arrest. State v. Browning, Fla.App.1970, 233 So.2d 866. Under certain circumstances a warrantless search may be conducted even though it is not incident to a lawful arrest if the arresting officer had probable cause to believe that the vehicle contained contraband. Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.
Florida Statutes § 933.19, F.S.A. has specifically adopted the Carroll decision. The warrantless search in the instant case was proper if the arresting officer had probable cause to believe that contraband was being transported in the car. Firebombs are made contraband by Fla.Stat. § 806.111, F.S.A. The arresting officer had a report that a person fitting appellee’s description had threatened to burn down the tavern. A person fitting appellee’s description was seen in the vicinity of the building in the company of two other people, one of whom had a bottle of some type. Police officers had followed these suspects from the vicinity of the threatened building to the place where the search was conducted and had found weapons and a firebomb in appellee’s car. Considering the above-mentioned facts, the arresting officer had probable cause to conduct the search for weapons as well as for contraband, i. e., a firebomb. See also Sessions v. State, Fla.App.1968, 213 So.2d 614.
For these reasons the order suppressing the evidence is hereby reversed.
PIERCE and MANN, JJ., concur.