250 So.2d 344 (1971)
STATE of Florida, Appellant,
v.
Charles BRYANT, Appellee.
No. 70-902.
District Court of Appeal of Florida, Second District.
July 9, 1971.
*345 Richard W. Seymour, Asst. State's Atty., Bradenton, for appellant.
Walter R. Talley, Public Defender, Bradenton, for appellee.
McNULTY, Judge.
The state appeals pursuant to § 924.071, F.S. 1969, F.S.A., from an interlocutory order granting defendant Bryant's motion to suppress. We reverse.
Bryant is charged by information with felonious possession of a firearm.[1] On the night in question deputy sheriff Casto was checking an establishment which, four weeks earlier, had been the scene of an unsolved burglary. He saw two parked vehicles in the parking lot. As Casto approached, one of the vehicles started to move but he stopped it and asked the sole occupant, Bryant, to get out and place his hands on the fender. He told the driver of the other vehicle, a woman, to place her hands on the dashboard. As he came back to ask Bryant for his driver's license he saw a pistol in plain view on the front seat of Bryant's car. He removed the pistol and checked out Bryant's identification on the radio. The dispatcher told him that he thought the man was a convicted felon. He returned and questioned Bryant and Bryant confirmed that he had been convicted as a felon. Deputy Casto then called for his sergeant who came over and said that he, too, thought Bryant was a convicted felon. Notwithstanding, deputy Casto retained the gun but released both Bryant and the woman.
On the following morning deputy Casto made an investigation through the Florida Parole Commission. The investigation revealed that Bryant was in fact a previously convicted felon, whereupon deputy Casto secured an arrest warrant and executed it some days later charging Bryant with felonious possession as aforesaid.
Neither the stopping and questioning of Bryant nor the deputy's observation and *346 initial manucaption of the pistol is questioned. Rather, Bryant argues first that the pistol was not "contraband," thus not subject to seizure of itself, and secondly, that since he was not arrested the seizure could not be justified as incidental to an arrest. We reject these arguments.
As to contraband, we initially perceive "contraband" to be any substance, article or thing the making, possession or trafficking of which is unlawful. Furthermore, such substance, article or thing may be "contraband" by its very nature, such as counterfeit currency, narcotic drugs or moonshine whiskey, while other articles or things are "contraband" depending upon the circumstances under which they are made, possessed or circulated. This latter category would include stolen goods, burglarious tools and, we think, the pistol in this case. That is to say, for purposes of disposing of this appeal, we can say that the pistol herein was possessed by one admittedly previously convicted as a felon, and thus feloniously or wrongfully possessed.[2] In either category of "contraband," however, there is no right of property therein as to the one in wrongful possession or control thereof.[3] It follows, therefore, that concerning the naked seizure of the pistol in the first instance, Bryant had no standing to avoid its taking nor compel its return.[4]
Moreover, he can't take refuge under the constitutional provisions relating to searches and seizures since there was no intrusional "search" within the contemplation thereof. As noted, the pistol was in plain sight of the deputy who, undisputedly, had a right to be where he was and to do what he was doing.[5] Additionally, the deputy had more than probable cause to believe that the pistol was "contraband" in the hands of Bryant, that it was an instrument of further perpetration of a felony if it remained in his hands[6] and that it constituted "evidence" of a felony already having been committed. Under any one of such circumstances the pistol was amenable to seizure and confiscation in the diligent exercise of the duties incumbent upon the officer. There certainly was nothing "unreasonable" about the whole affair, and there was no unconstitutional intrusion of Bryant's personal or property rights.
In view of our conclusions reached above it becomes unnecessary to decide whether the pistol was subject to seizure even though the officer did not make an arrest. It may be questioned, nonetheless, how Bryant can complain that at the time of the incident the deputy only seized the pistol and did not arrest, when, under the circumstances, he had a right to do both.[7]
The order appealed from should be, and it is hereby, reversed.
HOBSON, A.C.J., and MANN, J., concur.
NOTES
[1] § 790.23, F.S. 1969, F.S.A.
[2] Bryant did not, and does not now, contend or suggest that his civil rights had been restored so as to except him from the provisions of § 790.23, supra.
[3] As to weapons, see, e.g., § 790.08 and § 790.25, F.S. 1969, F.S.A. See also, Wharton's Criminal Law and Procedure (1957), Vol. IV, § 1566, p. 191.
[4] See, Wharton's, id. Cf., also, Carroll v. United States (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.
[5] See Wharton's n. 3, supra, § 1540, p. 159. See, also, State v. Parnell (Fla. 1969), 221 So.2d 129.
[6] It is unnecessary herein to consider the aspects of whether Bryant may have been committing a misdemeanor in the deputy's presence, even if he had not been a previously convicted felon, by carrying a "concealed weapon on or about his person" as condemned by § 790.01, F.S. 1969, F.S.A.
[7] Cf., State v. Browning (Fla.App. 1970), 233 So.2d 866.