WIGGINTON, Judge.
Appellant seeks review of two judgments of conviction and sentence based upon his plea of nolo contendere to two separate in-formations charging him with drug violations. His sole point on appeal challenges the correctness of the trial court’s ruling which denied his motion to suppress the evidence which formed the basis of the charges against him. It was not until after his motion was denied that he tendered his pleas of nolo contendere on which the judgments of conviction were rendered.
We have carefully reviewed the record of the hearing on appellant’s motion to suppress. It appears without conflict that the officers who stopped appellant’s automobile for the purpose of investigation acted upon information furnished to them by a reliable informer. The informer told the officers that he had purchased drugs from appellant on several occasions in the past, all of which purchases were made from appellant’s automobile. The informant further stated that appellant was the supplier of drugs to many people living in the neighborhood of his home. Immediately after giving such information, the informer saw appellant pass by in his automobile and so informed the officers who promptly gave chase and, after overtaking appellant, signalled him to stop his vehicle on the side of the road. The officers identified themselves and asked appellant if he would mind opening the trunk of his automobile, to which appellant readily assented. Appellant thereupon unlocked his trunk and opened it so that its contents were in full view. It was then that the officers observed certain material which, upon investigation, proved to be illicit drugs and drug paraphernalia.
 The information on which the police officers acted carried enough indicia of reliability to justify them in stopping appellant for investigation.[1] Under these circumstances a warrantless search was justified even though it was not an incident to a lawful arrest.[2] Furthermore, the evidence establishes- without conflict that after appellant was stopped by the officers, he consented without objection to opening the trunk of his car for examination. There is no evidence but that such consent was given freely and voluntarily without coercion or intimidation. Having consented to the search, appellant is in no position to later object to the evidence which was disclosed thereby.[3]
*215 For the foregoing reasons we conclude that the seizure of the evidence sought to be suppressed was neither unreasonable nor unlawful under the circumstances shown by the record, and that the trial court did not commit error in denying appellant’s motion to suppress. The judgments appealed are accordingly affirmed.
RAWLS, C. J., and CARROLL, CHARLES A., Associate Judge, concur.

. Draper v. United States, 358 U.S. 207, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

. State v. Sanders, (Fla.App.1970) 239 So.2d 120; Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612.

. Grimes v. State, (Fla.1971) 244 So.2d 130; Jackson v. State, (Fla.1961) 132 So.2d 596. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854.