303 So.2d 393 (1974)
Danny MORGAN, Appellant,
v.
STATE of Florida, Appellee.
Charles Daniel GASKIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-172 and 73-344.
District Court of Appeal of Florida, Second District.
November 6, 1974.
Rehearing Denied December 13, 1974.
*394 James A. Gardner, Public Defender, and Charles H. Livingston, Asst. Public Defender, Sarasota, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, and Charles Corces, Jr., Asst. Attys. Gen., Tampa, for appellee.
Rehearing Denied December 13, 1974, in No. 73-344.
McGREGOR, ROBERT B., Associate Judge.
The appellants, Morgan and Gaskin, and one Hess were seen together ten minutes after a convenience store robbery. They were arrested twenty minutes later in Gaskin's automobile and each was in possession of money which aggregated very close to the amount calculated to have been taken in the robbery. The denominations of money recovered were peculiarly the same as that taken. Three cartons of cigarettes, bearing the store's tax stamp number and with the cartons modified for display purposes, were taken in the robbery and recovered from the possession of the accused. Only one robber had actually entered the store and the victim identified Hess as that person. There were many other circumstances. Morgan testified and denied his guilt. Hess, called as a witness by Morgan, admitted his participation, denied Morgan was involved, but stated that Gaskin had aided in the robbery. Gaskin absconded during the trial. Both appellants were found guilty.
Appellants' counsel argue that appellants were entitled to a judgment of acquittal because the State's case was circumstantial and the facts were not inconsistent with every reasonable hypothesis of innocence. The trial judge gave Standard Jury Instruction 2.13 on circumstantial evidence[1] and both in final argument to the jury and in their briefs, Appellants' counsel suggest, as being reasonable, many fact possibilities under which Appellants would be innocent. By their verdict the jury found all suggested possibilities of innocence to be either not reasonable or not true.
In weighing the testimony of any witness a jury may doubt the witness' accuracy, doubt his veracity or the jury may firmly believe that the witness is absolutely accurate and truthful; or truthful but mistaken, or partly truthful and partly false, or wilfully false. All factors involved in evaluating a witness and his testimony apply with both a positive or a negative aspect. Since a jury's ability to perceive that a witness is lying is as good as its ability to recognize that a witness is truthful and accurate, a jury's belief in the existence of a fact, concerning which there are but two possibilities, may be just as firmly supported by its belief that a witness is wilfully false concerning that fact as by its belief that a witness is truthful and unmistaken about that fact.
Accordingly, evaluation of testimony relating to identity of participants in an alleged crime gives a jury an especially good opportunity to consider the reasonableness of all possibilities of innocence and to determine if it is convinced beyond a reasonable doubt, or to an abiding moral certainty, as to all facts necessary to convict. Positive false testimony recognized as such and rejected by a jury is entitled to as much weight in support of a verdict as that of true testimony believed. In such event it cannot be said that the proof is wholly circumstantial.
The trial judge correctly instructed as to the inference the jury is permitted to *395 draw from the possession of recently stolen property in the absence of a satisfactory explanation.[2] The jury obviously did not find the Appellants' explanation satisfactory.[3]
Since it is well established that these circumstances will, alone, support a guilty verdict the rule relating to a wholly circumstantial criminal case does not apply[4] and inferences to be drawn from the additional collateral facts and circumstances are considered as relating to the persuasiveness of the facts supporting the presumption and as they may bear generally upon reasonable doubts as to essential facts.
As the State did not call Hess, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) does not apply and Gaskin in moving for a severance did not comply with the requirements of State v. Talavera (Fla. 1971), 243 So.2d 595. The trial judge sustained the only proper objection to the prosecutor's comment. The trial judge has no duty to declare a mistrial on the Court's own motion, where as here, an accused has competent trial counsel.
All other points argued by Appellants on appeal have been considered and found without sufficient merit to warrant reversal or the extension of this opinion. There has been no miscarriage of justice in this case (Sec. 59.041, F.S.) and, after an examination of all the appeal papers, it cannot be said that errors have injuriously affected the substantial rights of the Appellants (Sec. 924.33, F.S.), therefore, their convictions are
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] This instruction is erroneous, see Willcox v. State (Fla.App.2d, 1972), 258 So.2d 298, but no objection was made and there is no prejudice, see note 4 below.
[2] Sessions v. State, 213 So.2d 614 (DCA 1, 1968).
[3] See Knight v. State, 217 So.2d 124 (DCA2, 1968) where the rejected explanation was very similar to that offered in this case.
[4] As explained by Judge McNulty in Burroughs v. State, 221 So.2d 159 (DCA2, 1969).