BOARDMAN, Judge.
The appellant, Ray Snell, was found guilty of auto theft by a jury of his peers. After denial of his motion for a new trial, the appellant brought this timely appeal.
Four points are raised on appeal, only two of which merit discussion. The appellant contends that there was insufficient evidence to sustain the conviction. This contention is grounded on the assumption that appellant’s testimony that he purchased the vehicle negates the presumption of theft arising from possession of the stolen property. This is not the proper statement of the applicable law. In Knight v. State, Fla.App.2d, 1968, 217 So.2d 124, this court held:
. Where a party is found in the possession of goods recently stolen and gives such a reasonable and credible ac *488 count of how he came into such possession as to raise a reasonable doubt in the minds of the jury he should be acquitted because of that reasonable doubt, but the jury determines the credibility of the explanation and may convict him despite his explanation if the evidence of guilt meets the standards of the law. (217 So.2d 124, 126)
The live and documentary testimony adduced at the trial shows that there was sufficient evidence presented from which the jury could have found, beyond and to the exclusion of a reasonable doubt, that the appellant was guilty as charged in the information.
Appellant also contends that the trial court committed reversible error in allowing the prosecutor to elicit a statement from the arresting officer that the appellant, after being advised of the Miranda forewarnings, refused to disclose his name to the said officer. We point out that no objection was made by the defense to that question. Additionally, in the factual setting of this case, the question was material to the state’s case. Upon initial inquiry appellant gave the officer, prior to his arrest, a fictitious name, i. e., Warren, and, at that time, gave the officer a certificate of title (included in the state’s composite exhibit No. 1) showing title to the vehicle to be in the name of Richard Norman Warren, the owner of the vehicle. Clearly this evidence tended to prove the appellant’s knowledge that the vehicle he was apprehended in at the time of his arrest was, in fact, stolen, scienter being one of the essential elements to prove the offense of auto theft.[1]
For the foregoing reasons, the judgment and sentence appealed are
Affirmed.
HOBSON, A. C. J., and OVER-STREET, MURRAY W., Associate Judge, (Ret.), concur.

. Section 814.03(1), Florida Statutes.