326 So.2d 225 (1976)
STATE of Florida, Appellant,
v.
Mary L. BOYLE and Neil D. Pushe, Appellees.
Nos. 75-778, 75-779 and 75-780.
District Court of Appeal of Florida, Second District.
February 4, 1976.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Alan R. Williams and Franklyn Louderback, St. Petersburg, for appellees.
BOARDMAN, Judge.
The appellees were charged with the possession of marijuana seized in a search of the automobile in which they were parked. Ms. Boyle was also charged with possession of paraphernalia. The trial court, after hearing, granted appellees' motion to suppress on the ground that the officer had searched the car prior to arresting appellees. We reverse.
Officer White, patrolman, City of Clearwater, was patrolling Sand Key at 2:45 A.M. on February 8, 1975, when he noticed a car parked at a construction site which had been posted against trespassers. When White approached the vehicle on foot, the driver began backing the car up in an apparent attempt to drive past him. White stopped the car and requested identification. When the driver, Pushe, rolled down the window to comply, White saw smoke coming from inside the vehicle and recognized the strong odor of burning marijuana.[1] He had the appellees leave the car and sit on the ground. White searched the car and after finding marijuana "roaches" in the ashtray and three baggies of marijuana in the glove compartment, he advised the appellees that they were under arrest. Continuing the search, White found two baggies in Ms. Boyle's purse and one on the ground where she had exited the vehicle. He also found a pipe in the car which a "presumptive" test showed to contain marijuana.
We need not decide whether the search of the car was properly incident to a lawful arrest. The smell of burning marijuana, when combined with the other circumstances previously recited herein, was sufficient to establish probable cause to believe the car contained contraband and to authorize its warrantless search. E.g., *226 Berry v. State, Fla.App. 1st, 1975, 316 So.2d 72; State v. Sanders, Fla.App.2nd, 1970, 239 So.2d 120. The persons of the appellees were not searched until after they were informed that they were under arrest.
The order is therefore reversed and the cause remanded for further proceedings.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] White had received training in recognizing the smell of marijuana and had previously smelled the drug between 500 and 1000 times.