JUSTICE ERICKSON
specially concurring:
I concur in the result or judgment for the reasons set forth in this opinion.
This case presents a novel twist to the established rule that the value of a stolen item is measured by its fair market value. I agree with the majority that the payments should not be deducted in this case. However, I am concerned that the majority approach may be misinterpreted. If, for example, a thief fradulently paid a merchant only one hundred dollars for goods valued at two hundred dollars, the thief is responsible and subject to prosecution for theft of goods valued at one hundred dollars. The merchant has suffered only a one hundred dollar loss, and the theft cannot be of a greater amount.
The majority could be construed to hold the thief liable for the entire value of the merchandise received. This not only appears to be illogical, but such reasoning runs counter to the premises underlying section 18-4-401, C.R.S. 1973, which grades offenses based on the value of the property stolen. Our statutory scheme strives to inject a note of fairness into the criminal justice system by matching the seriousness of the offense to *290 the value of the property taken. The reduction of the theft charges was predicated on the fact that the defendant had paid the truck driver one-half the value of the stolen goods. The trial judge reasoned that only one-half of the value of the goods was stolen because the truck driver acted under the authority of Associated Grocers and had turned his share of the proceeds over to them. After determining that the value of the goods discounted by half was less than two hundred dollars, the charges were reduced. The trial court erred.
The value of a stolen item is measured by its fair market value. People v. Austin, 185 Colo. 229, 523 P.2d 989 (1974). This case, however, presents a different factual predicate: Should the defendant’s payments to his perceived co-conspirator be deducted from the fair market value of the stolen goods simply because in fact the money was turned over to Associated Grocers and used to partially compensate their loss? I think not.
First, although we have not previously addressed this point, it is clear that the entire value of the property taken in the commission of an offense is used to determine the grade of the offense, notwithstanding the fact that the thief intended to divide the property with his confederates. Knight v. Florida, 217 So.2d 124 (Fla. App. 1968); State v. Donaldson, 35 Utah 96, 99 P. 447 (1909). See generally 2 R. Anderson, Wharton’s Criminal Law and Procedure §449 (1957). If, for example, two thieves together steal property worth two hundred dollars, they may not, for the purposes of lessening their offense, claim that each thief is only responsible for taking property valued at one hundred dollars. Each is liable for theft of the whole amount.
This case differs from the rule above only by the fact that one of the two supposed confederates was not actually a partner in the criminal venture. If the charge were conspiracy, that fact alone would not lessen the defendant’s culpability. Impossibility is not a defense to conspiracy under our law, so it would make no difference that one of the conspirators was actually working for the police. Section 18-2-205, C.R.S. 1973. Similarly, the fact that the truck driver was not actually in league with the defendant does not reduce the charge based upon the value of the property stolen. The crime was theft of property. The defendant joined with his supposed confederate to steal property, and the property was valued at over two hundred dollars. That is all that is relevant to the determination. Therefore, the fact that one confederate turned over his share of the loot to the victim after the theft took place, is of no consequence in valuing the property for the purposes of section 18-4-401, C.R.S. 1973.