490 So.2d 1327 (1986)
Oscar PERIU, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1480.
District Court of Appeal of Florida, Third District.
July 1, 1986.
*1328 Bennett H. Brummer, Public Defender, and Susan S. Lerner, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a judgment of conviction and sentence for second-degree grand theft of a motor vehicle. We reverse the judgment of conviction and sentence under review and remand the cause for a new trial based on the following briefly stated legal analysis.
First, the trial court committed reversible error in denying the defendant's motion for a mistrial after a police officer testified before the jury that "I had been to this [the defendant's] body shop before, and recovered stolen vehicles out of the shop." The testimony was obviously inadmissible as plainly (a) its sole relevance was to show the defendant's bad character and propensity to commit the crime charged, (b) it was totally unresponsive to the defendant's question of the officer on cross-examination, and (c) it was enormously prejudicial to the defendant in this admittedly close case on the issue of guilt or innocence. See Diaz v. State, 467 So.2d 1061 (Fla. 3d DCA 1985); Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); see generally Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla. Stat. (1983).
Second, the trial court committed reversible error in denying the defendant's motion for a mistrial after the prosecuting attorney argued in his summation to the jury: "The [d]efendant said, `I have a title and have a receipt.' Big question: You have to ask yourself in the jury room, where is the title? Where is the receipt?" The defendant had previously testified that he had purchased the allegedly stolen car from a third party and that he had received a purported title for it; this title was, in *1329 fact, already in the court file, although it was not introduced into evidence at the trial. The prosecutor was fully aware that the purported title was in the court file and, therefore, his comment "where is the title?" was highly improper in that it implied that the said title did not exist  when, as he well knew, it did. In the context of this case, where the question of guilt or innocence was very close and the existence of the title to the stolen car a critical point in the case, this highly improper argument was extremely prejudicial and called for a mistrial below. See Lipman v. State, 428 So.2d 733, 736 (Fla. 1st DCA 1983); Wright v. State, 363 So.2d 617, 619-20 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979); Richardson v. State, 335 So.2d 835, 836 (Fla. 4th DCA 1976).
Third, we reject the defendant's point on appeal that he was entitled to a judgment of acquittal below. Although the issue was a close one, we conclude that the state presented sufficient evidence from which a jury could reasonably have concluded that the defendant was discovered by police in possession of the stolen motor vehicle alleged in the information, that the smashed-up condition of the front windshield and the absence of any vehicle identification numbers on the car should have placed a reasonable person on notice of the probable stolen nature of the vehicle, and that the defendant's explanation for having the said vehicle could reasonably have been rejected by the jury. This being so, the state presented a prima facie case of second-degree grand theft sufficient to survive a defense motion for a judgment of acquittal. See Andreasen v. State, 439 So.2d 226, 228 (Fla. 3d DCA 1983), pet. for review denied, 449 So.2d 264 (Fla. 1984); Snell v. State, 302 So.2d 487 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla. 1975); Burroughs v. State, 221 So.2d 159 (Fla. 2d DCA 1969); see generally Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
For the foregoing reasons, the final judgment of conviction and sentence is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
HUBBART and FERGUSON, JJ., concur.
DANIEL S. PEARSON, Judge, concurring.
Since the case is being remanded for a new trial, I think it worth noting that the reason the title to the motor vehicle was not in evidence  thus occasioning the prosecutor's "where is the title?" argument  is that everyone  defense counsel, the prosecutor, and the court  was laboring under the completely erroneous impression that the title was inadmissible because it was a counterfeit document rather than the authentic title to the vehicle. There was, however, absolutely no need to have this document authenticated in order for it to be admitted in evidence. The evidentiary value of the document was that it  whether phony or not  was what was given to the defendant when he purchased the car, not that it was the true title to the vehicle. Had it been offered in evidence  as it surely should have been by one side or the other  upon its admission, the jury could have assessed whether the defendant reasonably relied upon it, as he claimed he did. But the fact remains that whether the document was admissible or not, the prosecutor was not free to ignore its existence and attempt to mislead the jury by suggesting that the defendant was lying when he said that he received the document. That argument is no more permissible than that of a defense attorney who suggests that evidence that has been suppressed by the court never existed.