784 So.2d 1219 (2001)
B.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3306.
District Court of Appeal of Florida, Second District.
April 18, 2001.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
B.W. appeals the order denying his motion to suppress the cocaine which had been concealed in a cigarette package in his shirt pocket and his adjudication of delinquency. We affirm the juvenile court judge's ruling denying the motion to suppress.
In a consensual encounter, a police officer approached B.W. and his companion who were standing in front of a convenience store which had an active posted trespass sign. Believing the two could be trespassing, the officer requested identification. B.W. reached into his back pants' pocket and removed a cigarette package and his identification. When the officer observed the cigarette package, he asked B.W. his age because it appeared to the officer that B.W. was too young to legally possess the cigarettes. The officer testified that B.W. stated that he was sixteen years old. "[W]ell, you're not old enough to have these cigarettes" the officer stated to B.W. as he took them from the juvenile. At that time, he observed a second pack of cigarettes in the front breast pocket of B.W.'s shirt and started to remove it. B.W. covered the pocket with his hand and said, "That's none of your concern," but after a hesitation, B.W. "gave them up to [the officer]." The officer stated that he confiscated the cigarettes from the juvenile under the contraband law. When that cigarette pack was opened, crack cocaine was found inside. The field test, and later the *1220 crime laboratory, confirmed the nature of the substance.
We have carefully considered the issue of contraband as discussed by our brother's dissenting opinion, but we are of the opinion that the police officer had the right to seize the cigarettes as contraband once he observed them in the hands of a minor. The word "contraband" comes from two Latin words: contra meaning against, forbidden or prohibited and bando meaning by law, ordinance, statute, or (banned by) regulation, whether civil, criminal, or administrative. The possession of contraband means possessing any property, object, or thing that is against any law or regulation.
In Florida, the legislative ban on minors possessing cigarettes is found in section 569.11(1), Florida Statutes (1999), which states in pertinent part:
(1) It is unlawful for any person under 18 years of age to knowingly possess any tobacco product. Any person under 18 years of age who violates the provisions of this section commits a noncriminal violation as provided in s. 775.08(3)....
Therefore, it is clear that the cigarettes in B.W.'s possession were contraband.
The legal concepts of contraband predate the Roman law and the common law. The jurisprudence on possession of such objects and materials applied in colonial times and developed even further in American jurisprudence as each territory entered statehood. Further, the definition of contraband is not limited to only those items which are described in section 932.701(2)(a), Florida Statutes (1999), as being contraband subject to forfeiture. The forfeiture statute itself does not change the illicit nature of an item from being contraband which is subject to seizure as evidence of a civil or criminal infraction.
Accordingly, we hold that the trial court did not err when it denied the motion to suppress and affirm B.W.'s adjudication of delinquency.
Affirmed.
DAVIS, J., concurs specially.
PARKER, Acting Chief Judge, Dissents with opinion.
DAVIS, Judge, Concurring.
I fully concur with the majority opinion that affirms the trial court's denial of the motion to suppress. At issue is whether a law enforcement officer may seize cigarettes from a minor. The dissent suggests that because the cigarettes are not subject to the forfeiture provisions of chapter 932 of the Florida Statutes, law enforcement cannot legally seize them from a minor. I respectfully disagree with that suggestion.
The dissent concludes that because the possession of the cigarettes by a minor is a civil infraction and not a criminal offense, the Florida Forfeiture Chapter does not apply and the cigarettes are not subject to forfeiture. With this I agree. However, by the definition contained in section 932.701(2)(a)3, Florida Statutes (1999), the cigarettes are contraband, that is, they were being used in violation of the tobacco laws of the state. This statutory definition of contraband is in no way limited to items that are subject to forfeiture. Furthermore, the forfeiture statute does not attempt to limit the seizure of contraband to only those items that are subject to forfeiture. Contrary to the dissent, I do not read section 932.703(1)(c) as limiting the seizure of contraband in the state of Florida to those items that are within the scope of the forfeiture provision. Thus, while I would agree with the dissent that the cigarettes are not contraband subject to forfeiture, they are still contraband, and as such, are subject to seizure. See State v. Bryant, 250 So.2d 344 (Fla. 2d DCA 1971).
*1221 However, the contraband issue is not controlling. Because the cigarettes are evidence of a violation of the law, they may be seized and used as proof at trial. Accordingly, the trial court was correct in denying the motion to suppress.
PARKER, Acting Chief Judge, Dissenting.
I respectfully dissent. Based upon the Florida statutes enacted concerning contraband forfeiture and possession of cigarettes, I do not agree that the cigarette package at issue was contraband subject to seizure and forfeiture.
The State charged B.W. with one count of possession of cocaine after police officers seized a cigarette package containing the cocaine from B.W.'s shirt pocket. B.W. moved to suppress the cocaine, arguing that it was illegally seized. The trial court combined the hearing on B.W.'s motion to suppress with the bench trial.
At trial, Officer Wayne Johnson testified that he saw B.W. and another juvenile standing outside a twenty-four hour Coastal Mart store. Officer Johnson testified that the Coastal Mart had an active trespass warning sign posted in the window, which allegedly stated that noncustomers were not permitted to loiter on store property. Believing that B.W. was loitering, Officer Johnson and his partner approached B.W. and asked for identification. When B.W. retrieved his identification from his back pants' pocket, he also removed a pack of cigarettes. Officer Johnson asked B.W. his age, and B.W. replied that he was sixteen. Officer Johnson then informed B.W. that he was not old enough to have cigarettes and confiscated the pack of cigarettes.
At approximately the same time, Officer Johnson saw another cigarette package in B.W.'s right front shirt pocket. Although B.W. tried to prevent Officer Johnson from taking that package by putting his hand over his shirt pocket, Officer Johnson reached into B.W.'s shirt pocket and took the second cigarette package which turned out to contain cocaine. Officer Johnson testified that he had the right to take the second cigarette package from B.W. "under the Florida contraband law." It is clear that if the second cigarette package was lawfully seized, the cocaine should not be suppressed. However, I conclude that the second cigarette package was not lawfully seized.
The majority takes the position that because possession of cigarettes by a child under eighteen is a violation of section 569.11(1), Florida Statutes (1999), the cigarette package in B.W.'s pocket was contraband subject to seizure and forfeiture under section 932.703(1)(a), Florida Statutes (1999).[1] However, section 932.701(2)(a)3., Florida Statutes (1999), which defines contraband articles and replaces any Roman law concepts of contraband, defines tobacco contraband only as articles used or attempted to be used in violation of the laws of the state regulating tobacco. If cigarettes are legally in the state and are sold pursuant to this state's tobacco sale regulations, such cigarettes are not contraband as defined. Instead, they are a legal product. Because there was no evidence that the cigarette package at issue was either illegally within Florida or was sold in violation of this state's tobacco regulations, I must assume that the cigarette package was legally within Florida and legally sold. Therefore, as a legal product, the cigarette *1222 package at issue was not contraband subject to forfeiture under section 932.703(1)(a).
Moreover, under section 932.703(6)(a), Florida Statutes (1999), property may not be forfeited under the Florida Contraband Forfeiture Act unless the State establishes that the owner either knew or should have known that the property at issue was being employed or was likely to be employed in criminal activity. However, perhaps unwisely, the legislature has made it only a noncriminal violation punishable by a civil citation and fine for a child under eighteen to knowingly possess any tobacco product. See § 569.11(1), Fla. Stat. (1999). Therefore, since B.W.'s possession of the cigarette package was not a criminal activity, Officer Johnson had no authority under the Florida Contraband Forfeiture Act to seize the cigarette package from B.W.'s pocket and retain it as forfeited contraband.
The State concedes that section 569.11 and the Florida Contraband Forfeiture Act do not authorize seizure of the cigarette package; however, it argues that it would be illogical for a law enforcement officer to encounter a child in possession of tobacco, write a citation, and walk away. However illogical, I am not ready to toss aside a child's Fourth Amendment right to be protected from unreasonable seizures when the legislature has not seen fit to make that leap. I therefore dissent.
NOTES
[1] Section 932.703(1)(a), Florida Statutes (1999), states in pertinent part:

Any contraband article, vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act ... may be seized and shall be forfeited subject to the provisions of the Florida Contraband Forfeiture Act.