SALCINES, Judge.
B.W. appeals the order denying his motion to suppress the cocaine which had been concealed in a cigarette package in his shirt pocket and his adjudication of delinquency. We affirm the juvenile court judge’s ruling denying the motion to suppress.
In a consensual encounter, a police officer approached B.W. and his companion who were standing in front of a convenience store which had an active posted trespass sign. Believing the two could be trespassing, the officer requested identification. B.W. reached into his back pants’ pocket and removed á cigarette package and his identification. When the officer observed the cigarette package, he asked B.W. his age because it appeared to the officer that B.W. was too young to legally possess the cigarettes. The officer testified that B.W. stated that he was sixteen years old. “[WJell, you’re not old enough to have these cigarettes” the officer stated to B.W. as he took them from the juvenile. At that time, he observed a second pack of cigarettes in the front breast pocket of B.W.’s shirt and started to remove it. B.W. covered the pocket with his hand and said, “That’s none of your concern,” but after a hesitation, B.W. “gave them up to [the officer].” The officer stated that he confiscated the cigarettes from the juvenile under the contraband law. When that cigarette pack was opened, crack cocaine was found inside. The field test, and later the *1220 crime laboratory, confirmed the nature of the substance.
We have carefully considered the issue of contraband as discussed by our brother’s dissenting opinion, but we are of the opinion that the police officer had the right to seize the cigarettes as contraband once he observed them in the hands of a minor. The word “contraband” comes from two Latin words: contra meaning against, forbidden or prohibited and bando meaning by law, ordinance, statute, or (banned by) regulation, whether civil, criminal, or administrative. The possession of contraband means possessing any property, object, or thing that is against any law or ■regulation.
In Florida, the legislative ban on minors possessing cigarettes is found in section 569.11(1), Florida Statutes (1999), which states in pertinent part:
(1) It is unlawful for any person under 18 years of age to knowingly possess any tobacco product. Any person under 18 years of age who violates the provisions of this section commits a noncriminal violation as provided in s. 775.08(3)....
Therefore, it is clear that the cigarettes in B.W.’s possession were contraband.
The legal concepts of contraband predate the Roman law and the common law. The jurisprudence on possession of such objects and materials applied in colonial times and developed even further in American jurisprudence as each territory entered statehood. Further, the definition of contraband is not limited to only those items which are described in section 932.701(2)(a), Florida Statutes (1999), as being contraband subject to forfeiture. The forfeiture statute itself does not change the illicit nature of an item from being contraband which is subject to seizure as evidence of a civil or criminal infraction.
Accordingly, we hold that the trial court did not err when it denied the motion to suppress and affirm B.W.’s adjudication of delinquency.
Affirmed.
DAVIS, J., concurs specially.
PARKER, Acting Chief Judge, Dissents with opinion.