DAVIS, Judge,
Concurring.
I fully concur with the majority opinion that affirms the trial court’s denial of the motion to suppress. At issue is whether a law enforcement officer may seize cigarettes from a minor. The dissent suggests that because the cigarettes are not subject to the forfeiture provisions of chapter 932 of the Florida Statutes, law enforcement cannot legally seize them from a minor. I respectfully disagree with that suggestion.
The dissent concludes that because the possession of the cigarettes by a minor is a civil infraction and not a criminal offense, the Florida Forfeiture Chapter does not apply and the cigarettes are not subject to forfeiture. With this I agree. However, by the definition contained in section 932.701(2)(a)3, Florida Statutes (1999), the cigarettes are contraband, that is, they were being used in violation of the tobacco laws of the state. This statutory definition of contraband is in no way limited to items that are subject to forfeiture. Furthermore, the forfeiture statute does not attempt to limit the seizure of contraband to only those items that are subject to forfeiture. Contrary to the dissent, I do not read section 932.703(l)(c) as limiting the seizure of contraband in the state of Florida to those items that are within the scope of the forfeiture provision. Thus, while I would agree with the dissent that the cigarettes are not contraband subject to forfeiture, they are still contraband, and as such, are subject to seizure. See State v. Bryant, 250 So.2d 344 (Fla. 2d DCA 1971).
*1221 However, the contraband issue is not controlling. Because the cigarettes are evidence of a violation of the law, they may be seized and used as proof at trial. Accordingly, the trial court was correct in denying the motion to suppress.