SCHWARTZ, Chief Judge.
The sole point raised by the defendant on this appeal from a second degree murder conviction challenges the admission of the following statement of the investigating officer:
When I saw [the defendant], I thought it was supposedly somebody I had dealt with in the past year as a witness or somebody I just come across in the past during the course of a robbery investigation.
Particularly because the officer later stated that he had been mistaken and that he had not previously known Jenkins at all, *1089 we find no error, let alone, as is required because no objection was made below, fundamental error, in this statement. Contrary to the defendant’s argument, there was no harmful implication that Jenkins had even been involved in the prior robbery. See Willis v. State, 669 So.2d 1090 (Fla. 3d DCA 1996); Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), review denied, 520 So.2d 586 (Fla.1988); Periu v. State, 490 So.2d 1327 (Fla. 3d DCA 1986). See also Archer v. State, 673 So.2d 17 (Fla.1996)(fundamental error), cert. denied, 519 U.S. 876, 117 S.Ct. 197, 136 L.Ed.2d 134 (1996).
Affirmed.