KLEIN, J.
After the trial court denied her motion to suppress, appellant pled no contest to possession of cannabis and argues on appeal that her book bag was illegally searched. We affirm.
A police officer on a truancy mission observed appellant, who was sixteen, walking in a residential neighborhood on a school day. In response to his questions she informed him. of her name, age and where she was enrolled in high school. After contacting the school and ascertaining that she was enrolled, he searched her and her book bag before putting her in his vehicle to transport her to school. When he looked in her book bag he saw a cigarette box and, upon opening it, found cannabis.
Although she briefly asserts it, appellant does not seriously argue that the officer could not look into her book bag for a weapon, for his own safety, before putting her in his vehicle in order to transport her to school. She acknowledges that this would be permissible under C.G. v. State, 689 So.2d 1246 (Fla. 4th DCA 1997). Her primary point is that once the officer was satisfied that there was nothing dangerous in the book bag, he had no right to open the cigarette box, which is where he found the cannabis. The state has ignored this distinction, arguing primarily that the point was not preserved; however, that argument is without merit.
We have concluded that we can affirm for a reason not relied on by the trial court *935 or the state, which is that it is unlawful under section 569.11(1), Florida Statutes (2004), for a person under eighteen to knowingly possess any tobacco product. The statute prescribes fines, community service, and revocation of driving privileges for repeated violations, but violations are non-criminal. Despite that, we conclude that the officer was entitled to open the cigarette box when he saw it in order to determine whether there was a violation of the statute.
In B.W. v. State, 784 So.2d 1219 (Fla. 2d DCA 2001), a police officer who was in a consensual encounter with a youth observed a package of cigarettes in his possession. When the youth indicated he was sixteen years old, the officer took the cigarettes and, when the pack was opened, found crack cocaine inside. The officer testified that he had confiscated the cigarettes from the juvenile because they were contraband. On an appeal from a denial of the motion to suppress the cocaine, the second district affirmed; however, the two judges who agreed to affirm did not agree on the reason for affirming. We agree with the reasoning of Judge Davis, in his concurring opinion, in which he explained that cigarettes are contraband under section 932.701(2)(a)3, Florida Statutes (1999), because they were being held in violation of the tobacco laws of Florida. Judge Davis also pointed out that whether the cigarettes were contraband or not, which was the issue on which the panel was unable to agree, the cigarettes were still evidence of a violation of the law which could be seized in order to be used as proof at trial. We agree with Judge Davis and accordingly affirm.
WARNER and HAZOURI, JJ., concur.